12-4874-cv(L)
Psihoyos v. John Wiley & Sons, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: October 31, 2013          Decided: April 4, 2014)

Docket Nos. 12-4874-cv(L), 12-5069-cv(XAP)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LOUIS PSIHOYOS,

Plaintiff-Appellee-Cross-Appellant,

v.

JOHN WILEY & SONS, INC.,

Defendant-Appellant-Cross-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: WALKER, CABRANES, and LOHIER, Circuit Judges.

Photographer Louis Psihoyos sued publisher John Wiley & Sons, Inc. ("Wiley") for copyright infringement based on Wiley's publication of textbooks containing Psihoyos's photographs. The United States District Court for the Southern District of New York (Rakoff, J.) determined that the applicable three-year statute of limitations barred none of Psihoyos's infringement claims because Psihoyos, exercising reasonable diligence, did not discover the infringements until fewer than three years prior to bringing suit. The District Court nonetheless granted Wiley's motion for summary judgment as to several of the infringement claims on the ground that Psihoyos had failed to register the relevant photographs with the Copyright

Office prior to instituting suit as required by 17 U.S.C. § 411(a).  After a jury trial in which the jury awarded statutory damages concerning three of the remaining photographs, the District Court (Oetken, J.) denied Wiley's motion for remittitur or, in the alternative, for a new trial.  We AFFIRM.

KEVIN P. MCCULLOCH (Danial Nelson, on the brief), Nelson & McCulloch LLP, New York, NY, for Plaintiff-Appellee-Cross-Appellant.

CHRISTOPHER PERRY BEALL (Robert Penchina, on the brief), Levine Sullivan Koch & Schulz, LLP, New York, NY, for Defendant-Appellant-Cross-Appellee.

LOHIER, Circuit Judge:

Photographer Louis Psihoyos sued publisher John Wiley & Sons, Inc. ("Wiley") for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., based on Wiley's publication of textbooks containing eight of Psihoyos's photographs.  Although the United States District Court for the Southern District of New York (Rakoff, J.) determined that the applicable three-year statute of limitations barred none of Psihoyos's infringement claims, it nonetheless granted Wiley's motion for summary judgment as to several of those claims, citing Psihoyos's failure to register the relevant works prior to instituting suit as required by 17 U.S.C. § 411(a).  After a jury trial in which the jury found willful infringement and awarded

2

statutory damages for three of the remaining four claims, the District Court (Oetken, J.) denied Wiley's motion for remittitur or, in the alternative, for a new trial. We affirm.

**BACKGROUND**

Psihoyos, a professional photographer, created eight photographs that Wiley published in various textbooks from 2005 to 2009. In November 2010 Wiley sought a retroactive licensing arrangement with Psihoyos after discovering that it had published in several textbooks and without a license a pair of Psihoyos's photographs of a Stanford University professor holding a narcoleptic dog (the "Narcoleptic Dog photos"). After being notified of the unlicensed publication of the photographs, Psihoyos requested full disclosure of any other unauthorized use of Psihoyos's photographs by Wiley. After examining its records, Wiley responded that it had published without permission one photograph of a Triceratops skeleton ("Triceratops photo") and one of an Oviraptor skeleton ("Oviraptor photo"),[1] in addition to the two Narcoleptic Dog photos.

---

[1] Like the better known triceratops, the oviraptor was a non-avian dinosaur often described as "bird-like" in its features. See Gregory S. Paul, Dinosaurs of the Air: The Evolution and Loss of Flight in Dinosaurs and Birds 219-20 (2002).

In March 2011 Psihoyos filed a complaint alleging that Wiley had infringed his copyright in eight photographs, including the Triceratops and Oviraptor photos, along with two photographs of a narcoleptic dog that, Psihoyos would later realize, were similar to but not the same as the Narcoleptic Dog photos Wiley had admitted to using without authorization. We refer to the four remaining photographs referenced in Psihoyos's complaint as the "Dinamation," "Gastroliths," "Fossilized Dinosaur Tracks," and "Televisions" photos.

During discovery, Psihoyos acknowledged that his initial complaint failed to refer to the copyrights in the two Narcoleptic Dog photos that Wiley had actually infringed and mistakenly referred instead to the copyrights in two other, similar photographs. However, he did not then move for leave to amend the complaint to correct the error.

In August 2011, after discovery was complete, Wiley moved for summary judgment on two grounds. First, Wiley argued that the Copyright Act's three-year statute of limitations barred many of Psihoyos's infringement claims, which arose from infringements that occurred over three years prior to suit. See 17 U.S.C. § 507(b). Second, as relevant here, Wiley argued that

4

Psihoyos had failed to register the two Narcoleptic Dog photos and the Dinamation photo with the Copyright Office prior to filing suit. See 17 U.S.C. § 411(a).

Two days after Wiley filed its summary judgment brief, Psihoyos finally moved for leave to amend his complaint to allege infringement of the copyright in the correct two Narcoleptic Dog photos. Ten days later, Psihoyos submitted applications for copyright registration of the Narcoleptic Dog photos, as well as the Dinamation photo.

The District Court granted Psihoyos's motion for leave to amend the complaint only for the purpose of correcting "scrivener's errors," not for the purpose of specifying the correct Narcoleptic Dog photos or adding information about the newly filed applications for the Narcoleptic Dog photos and the Dinamation photo. In explaining its partial denial of Psihoyos's motion for leave to amend, the District Court emphasized Psihoyos's significant delay in requesting leave to amend and in submitting applications for registration of the relevant photographs, as well as the prejudice to Wiley if the motion were granted at such a late stage in the litigation.

The District Court then turned to Wiley's arguments for summary judgment. First, it held that copyright infringement claims accrue upon actual or constructive discovery of infringement and that Psihoyos did not discover the infringements until 2010, well within three years of filing suit. Second, the District Court concluded that Psihoyos's pending copyright registration applications for the Narcoleptic Dog and Dinamation photos failed to satisfy the Act's registration requirement under § 411(a). Accordingly, the court granted partial summary judgment in Wiley's favor as to the infringement claims relating to the Narcoleptic Dog, Televisions and Dinamation photos, leaving four infringement claims for trial.[2]

After trial on Psihoyos's remaining four claims, the jury found no infringement of the Gastroliths photo, non-willful infringement of the Fossilized Dinosaur Tracks photo, resulting in an award of $750 in damages, and willful infringement of the Oviraptor and Triceratops photos, resulting in an award of $30,000 and $100,000 in damages, respectively. Arguing

---

[2] Psihoyos does not challenge on appeal the District Court's grant of summary judgment as to his claim relating to the Televisions photo. The four remaining claims relate to the Oviraptor, Triceratops, Gastroliths and Fossilized Dinosaur Tracks photos.

primarily that the jury's award was excessive, Wiley moved for remittitur or, in the alternative, a new trial. The District Court denied the motion.

Wiley appealed the District Court's partial denial of summary judgment as well as the denial of its motion for remittitur or a new trial. Psihoyos cross-appealed the District Court's partial grant of summary judgment in Wiley's favor in connection with the Narcoleptic Dog and Dinamation photos.

**DISCUSSION**

We address first the issues relating to the District Court's partial denial and partial grant of summary judgment and second Wiley's appeal relating to damages.

1. <u>Summary Judgment</u>

We review <u>de novo</u> the District Court's partial grant and partial denial of summary judgment. <u>Doninger v. Niehoff</u>, 642 F.3d 334, 344 (2d Cir. 2011). Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### a. Accrual of Copyright Infringement Claims

Civil actions for copyright infringement must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The District Court held that an infringement claim does not "accrue" until the copyright holder discovers, or with due diligence should have discovered, the infringement (the so-called "discovery rule"). There is no dispute that under the discovery rule none of Psihoyos's claims are time-barred.

This Circuit has previously employed a discovery rule for copyright claims under 17 U.S.C. § 507(b). See Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996); Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992). Wiley strives to distinguish the cases in which we have done so on the ground that they involved co-ownership claims. We reject Wiley's suggestion that we apply different accrual rules for ownership and infringement claims, both of which are governed by 17 U.S.C. § 507(b). In doing so, we join every Circuit to have considered the issue of claim accrual in the context of infringement claims.[3]

---

[3] See Diversey v. Schmidly, 738 F.3d 1196, 1200-01 (10th Cir. 2013); William A. Graham Co. v. Haughey, 568 F.3d 425, 433-37 (3d Cir. 2009); Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 44-46 (1st Cir. 2008); Comcast of Illinois v. Multi-Vision Elecs., Inc., 491 F.3d 938, 944 (8th Cir. 2007); Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 390 (6th Cir. 2007); Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 705-07

In urging us to adopt an "injury rule" instead, Wiley relies on TRW Inc. v. Andrews, 534 U.S. 19 (2001).[4] In TRW, the Supreme Court held that "the text and structure of [the Fair Credit Reporting Act ("FCRA")] evince Congress' intent to preclude judicial implication of a discovery rule" for FCRA claims. Id. at 28. Observing that the FCRA provides that the "statute of limitations runs from 'the date on which the liability arises,' subject to a single [statutory] exception," the Court concluded that the "most natural reading of [the FCRA] is that Congress implicitly excluded a general discovery rule by explicitly including a more limited one." Id. (quoting 15 U.S.C. § 1681p). The Court therefore reversed a decision of the Ninth Circuit, which had employed the discovery rule as a default "unless Congress has expressly legislated otherwise." Id. at 27 (quoting Andrews v. TRW Inc., 225 F.3d 1063, 1067 (9th Cir. 2000)).

We agree with our sister Circuits that the text and structure of the Copyright Act, unlike the FCRA, evince Congress's intent to employ the

---

(9th Cir. 2004); Gaiman v. McFarlane, 360 F.3d 644, 653 (7th Cir. 2004); Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001).

[4] See Auscape Int'l v. Nat'l Geographic Soc'y, 409 F. Supp. 2d 235, 244 (S.D.N.Y. 2004) (holding that TRW's reasoning supports application of an injury rule for claim accrual under the Copyright Act).

9

discovery rule, not the injury rule.[5]  Policy considerations also counsel in favor of the discovery rule in this context.  See William A. Graham Co. v. Haughey, 568 F.3d 425, 434-37 (3d Cir. 2009) ("[U]se of the discovery rule comports with the text, structure, legislative history and underlying policies of the Copyright Act").  For substantially the reasons articulated by other Circuits that have grappled with this issue after TRW was decided, see supra note 3, we conclude that copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement and that the Act's statute of limitations did not bar any of Psihoyos's infringement claims.

### b.  Copyright Registration Prior to Institution of Suit

Under § 411(a) of the Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with" the Act.[6]  17 U.S.C. § 411(a).  The District Court held that Psihoyos's pending

---

[5] It is for these reasons that we conclude that the Supreme Court's decision in Gabelli v. S.E.C., which held, in the readily distinguishable context of securities law, that "the standard rule is that a claim accrues when the plaintiff has a complete and present cause of action," 133 S. Ct. 1216, 1220 (2013), does not bar application of the discovery rule where precedent, structure and policy all favor such a rule.

[6] "Preregistration" is not at issue in this appeal.

applications for registration of the Narcoleptic Dog and Dinamation photos failed to satisfy § 411(a)'s registration requirement. On appeal, Psihoyos counters that the mere act of submitting an application to the Copyright Office satisfies § 411(a)'s registration requirement.

As both parties acknowledge, the Federal Courts of Appeals are divided over whether a pending application satisfies § 411(a)'s requirement of copyright registration as a precondition to instituting an infringement action.[7] Compare Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984) (Copyright Office's receipt of application suffices), with M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488-89 (11th Cir. 1990) (approving district court's decision to allow suit to proceed only after plaintiff received Copyright Office's response to registration application and amended the complaint), Gaiman v. McFarlane, 360 F.3d 644, 655 (7th Cir. 2004) ("[A]n application to register must be filed, and either granted or refused, before suit can be brought"), and La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1202-05 (10th Cir. 2005) (comparing the Fifth Circuit's

---

[7] Under 17 U.S.C. § 411(a), the copyright holder may bring suit even if the Copyright Office determines that the work is not copyrightable, so whatever "registration" means for purposes of § 411(a), it does not require a finding of copyrightability by the Copyright Office.

11

"application approach" with the Eleventh Circuit's "registration approach" and adopting the latter) abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010). We need not resolve the dispute or otherwise embroil ourselves in this circuit split because, even assuming arguendo that a pending application constitutes a "registration" under § 411(a), Psihoyos had not even filed the applications for registration of the relevant works prior to instituting the action claiming infringement of the copyright in these works, as required by the plain terms of the statute. See 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright . . . shall be instituted until preregistration or registration of the copyright claim has been made"). Instead, Psihoyos submitted the applications after discovery had closed and Wiley had filed its summary judgment brief. Accordingly, he failed to satisfy the preconditions to suit under § 411(a).

In an effort to clear this hurdle, Psihoyos argues that the District Court should have allowed him to amend his complaint "to assert claims related to" his applications for copyright registration of both the correct Narcoleptic Dog photos and the Dinamation photo once these applications were filed. Appellee's Br. 65. Psihoyos suggests that he would then have satisfied §

12

411(a)'s requirement of registration prior to the institution of suit regarding those photographs. This argument ignores the wide discretion we accord district courts in choosing to grant or deny leave to amend. As the District Court pointed out, "[a]lthough liberal amendments are allowed in the typical case, this is not a typical case." Joint App'x 859 (citation omitted). The District Court explained its reasoning as follows:

> Plaintiff and his counsel have been on notice since the outset of this case that plaintiff had to produce registration numbers for the photographs at issue. Not only did the Court so instruct plaintiff at the early in-court hearing . . . , but plaintiff and his counsel were put on notice even earlier when, . . . in another of plaintiff's copyright infringement cases also originally before this Court, the Court ordered plaintiff, on pain of contempt, to produce registration numbers corresponding to the photographs pleaded in that complaint. Thus, even though plaintiff was put on notice of this issue last year, he waited until after the close of all discovery in this case . . . and after defendant had filed its motion for summary judgment . . . to even submit applications to the Copyright Office for his unregistered photographs. . . . Now, necessary (and extensive) new discovery . . . would be required . . . . To allow amendment here would prejudice defendant with both significant delay and expense associated with further, belated discovery on these issues.

Joint App'x 859-61 (citations and quotation marks omitted) (emphases in original). For substantially these reasons, we conclude that the District Court acted within its discretion in partially denying Psihoyos leave to amend his

complaint.  See Longman v. Wachovia Bank, N.A., 702 F.3d 148, 151-52 (2d Cir. 2012).

Accordingly, we affirm the District Court's grant of summary judgment dismissing Psihoyos's claims relating to the Narcoleptic Dog and Dinamation photos.

2.  Statutory Damages

We review for abuse of discretion the District Court's denial of Wiley's motion for remittitur or a new trial.  See In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation, 725 F.3d 65, 112 n.34 (2d Cir. 2013). Where "the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  17 U.S.C. § 504(c)(2).  The jury found that Wiley had willfully infringed Psihoyos's copyright in the Triceratops and Oviraptor photos and awarded Psihoyos $100,000 and $30,000, respectively.[8]

Wiley does not contest the jury's finding of willful infringement and concedes that the jury's award of statutory damages was not against the

[8] These are the only damages awards that Wiley challenges on appeal.

14

weight of the evidence under the instructions given to the jury.[9]  Rather, Wiley contends that the District Court erred by failing to consider whether the statutory damages award is reasonably related to the proven amount of plaintiff's actual loss and complains that the jury's award "bears no rational relationship to the plaintiff's actual loss" and is "an epitome of a run-away award."  Appellant's Reply Br. 50.

We have held that district courts employing their "wide discretion . . . in setting the amount of statutory damages" should consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., Inc., 603 F.3d 135, 143-44 (2d Cir. 2010) (quotation marks omitted).  Although revenue lost is one factor to consider, we have not held that there must be a direct correlation between statutory damages and actual damages.  To suggest otherwise is to ignore the various other factors a court may consider and the purposes of statutory damages in the willful infringement context.

---

[9] Insofar as Wiley also complains about the jury instructions relating to damages, we conclude that Wiley forfeited its objection by not raising it in the District Court.

The District Court concluded that several of the relevant factors could explain the jury's award based on the evidence adduced at trial – in particular, the evidence supported a finding of willfulness and that Wiley earned substantial profits, and the jury may have viewed Wiley as a repeat infringer in need of deterrence.

In sum, we discern no error in the District Court's denial of Wiley's motion for remittitur or a new trial. The District Court did not abuse its discretion in refusing to alter the jury's award of statutory damages.

**CONCLUSION**

For the foregoing reasons, the judgment of the District Court is AFFIRMED.