13-3373-cv
*Arthur Glick Truck Sales, Inc. v. Travelers Casualty & Surety Co. of America*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ARTHUR GLICK TRUCK SALES, INC.,

> *Plaintiff-Counter Defendant-Appellant*,

> > -v.-                                                                 No. 13-3373-cv

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

> *Defendant-Cross Defendant-Appellee*,

SUTPHEN EAST CORP.,

> *Defendant-Cross Claimant-Counter Claimant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          KIRK ORSECK (Gerald Orseck, *on the brief*), Orseck Law Offices PLLC, Liberty, NY.

**FOR DEFENDANT-APPELLEE**           T. SCOTT LEO (Gary D. Silver, Stoloff & Silver, LLP, Monticello, NY, *on the brief*), Leo & Weber, PC, Chicago, IL.

Appeal from the December 19, 2012, judgment and August 8, 2013, order of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Arthur Glick Truck Sales, Inc. ("Glick"), appeals the judgment of the District Court granting summary judgment in favor of defendant Travelers Casualty and Surety Company of America ("Travelers"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

## BACKGROUND

This dispute arises from contracts that Wolverine Fire Apparatus Company ("Wolverine") entered into with two fire departments ("the Fire Districts") for the sale of completed fire trucks. Travelers provided surety bonds to the Fire Districts guaranteeing Wolverine's performance. In assembling the trucks, Wolverine ordered chassis from Glick. Wolverine began construction, but went into bankruptcy prior to completing the fire trucks. Now, Glick and Travelers each claim to possess a superior interest in the two truck chassis.

After Wolverine filed for bankruptcy, the Fire Districts filed claims on their respective surety bonds against Travelers. Travelers then acquired the chassis from Wolverine's bankruptcy estate and arranged for completion and delivery of the trucks by other providers. In this lawsuit, Glick seeks damages from Travelers for the value of the two truck chassis, for which it has never been paid by Wolverine.

In an opinion dated December 18, 2012, the District Court granted summary judgment in favor of Travelers. *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 914 F. Supp. 2d 529, 531 (S.D.N.Y. 2012). Glick then moved for reconsideration, which the District Court denied in an opinion dated August 8, 2013. 965 F. Supp. 2d 402 (S.D.N.Y. 2013)

## DISCUSSION

We review *de novo* a district court's decision granting summary judgment. *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014). Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial of a motion for reconsideration for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011).

As a threshold matter, all of Glick's arguments on appeal are either raised for the first time on appeal, or were raised for the first time in their motion for reconsideration. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (internal quotation marks omitted). We also "generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (internal quotation marks and alterations omitted).

Our waiver doctrine is prudential, however, and we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice. *In re Nortel Networks*, 539 F.3d at 133. "[T]he circumstances normally do not militate in favor of an exercise of discretion to address . . . new arguments on appeal where those arguments were available to the [parties] below and they proffer no reason for their failure to raise the arguments below." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks omitted) (second alteration and omission in original). Under the circumstances of this case, we decline to exercise our discretion.

In any event, our refusal to address Glick's waived arguments will not result in manifest injustice, because they are without merit. We have conducted a review of the record and of the District Court's two careful and comprehensive opinions. We agree with the District Court that the "Fire Districts qualify as buyers in the ordinary course, they took the chassis free of [Glick's] security interest, and [Travelers] is subrogated to assert that right following [Travelers'] performance under its surety bonds." *Arthur Glick Truck Sales*, 914 F. Supp. 2d at 548–49. In addition, we do not agree with Glick's latest argument that an order of the bankruptcy court retroactively negated the Fire Districts' claims to priority as buyers in the ordinary course.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered December 19, 2012, and the order entered August 8, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3