13-3596-cv
*Szymanski v. Local 3, Int'l Bhd. of Elec. Workers*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH SZYMANSKI,

> *Plaintiff-Appellant,*

> -v.-                                                                   No. 13-3596-cv

LOCAL 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, JOINT INDUSTRY BOARD OF THE ELECTRICAL INDUSTRY,

> *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**          Robert S. Powers, The Law Offices of Ira S. Newman, Great Neck, NY.

**FOR DEFENDANT-APPELLEE LOCAL 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS:**          Richard S. Brook, Mineola, NY.

**FOR DEFENDANT-APPELLEE**                Parisis G. Filippatos, Flushing, NY.
**JOINT INDUSTRY BOARD OF THE**
**ELECTRICAL INDUSTRY:**

Appeal from the August 22, 2013, judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED AND REMANDED** for further proceedings consistent with this Order.

Szymanski appeals the judgment of the District Court granting defendants' motion for summary judgment on the basis that his claims were untimely. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to vacate and remand.

## BACKGROUND

Plaintiff Joseph Szymanski is a member of Local 3, International Brotherhood of Electrical Workers ("Local 3" or the "Union"). Pursuant to a collective bargaining agreement ("CBA") between Local 3 and various employers, the Joint Industry Board of the Electrical Industry (the "JIB") administers a hiring hall that refers unemployed Union members such as Szymanski for work with employers who are signatories to the CBA.

Szymanski brought this lawsuit claiming that Local 3 and the JIB breached the duty of fair representation they owed to him by failing to refer him to employers or by impeding his employment when he was referred. Specifically, he claims that the defendants discriminated against him by passing him over for job referrals and instead offering those referrals to Union members who had been unemployed for shorter amounts of time.

After limited discovery, the District Court granted summary judgment in favor of defendants, because it determined that Szymanski's claims had been brought after the statute of limitations had expired.

## DISCUSSION

We review *de novo* a district court's decision granting summary judgment, including on statute of limitations grounds. *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014). Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Because the statute of limitations is an affirmative defense, the defendant bears the burden of establishing by prima facie proof that the

2

limitations period has expired since the plaintiff's claims accrued." *Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995); *see also Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) ("[T]he burden is on the defendant to establish when a federal claim accrues."); Fed. R. Civ. P. 8(c).

As the parties agree, the statute of limitations governing duty of fair representation claims is six months. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–71 (1983); *Eatz v. DME Unit of Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 794 F.2d 29, 33 (2d Cir. 1986) ("[W]e read *DelCostello* to require that the [29 U.S.C.] § 10(b) six-month limitations period also be applied to unfair representation claims standing alone."). This period begins running when a plaintiff "knew or should have known that the Union had breached its duty of fair representation." *Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 34 (2d Cir. 2000); *see also Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 46 (2d Cir. 2014) ("[I]t is well settled that the cause of action accrues no later than the time when plaintiffs *knew* or reasonably *should have known* that such a breach of the duty of fair representation had occurred, even if some possibility of nonjudicial enforcement remained." (internal quotation marks omitted)).

The parties disagree, however, as to whether Szymanski's claims constitute a continuing violation or a series of discrete violations. This determines when the instant claims accrued and, thus, when the statute of limitations began to run. We need not resolve this dispute here, because we conclude that the District Court erred in finding Szymanski's claims untimely *regardless* of which theory we use to construe them.

To support his claims, Szymanski identifies five Local 3 members who were allegedly referred back to work before he was. If Szymanski learned of one of these challenged referrals within the statute of limitation, Szymanski's claims would be timely (depending on the applicable theory, either as to the entire period or as to that single discrete violation). *See Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) (holding that, where the continuing violation doctrine applies, "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it"). On a review of the record, we conclude that defendants have not met their burden at summary judgment to prove this affirmative defense.

With respect to at least one of those members, Brian Slattery, summary judgment was certainly unwarranted. On the basis of deposition testimony, the District Court concluded that it was "possible" that Szymanski learned of Slattery's referral within the statute of limitations. Special App'x 14. It ruled for defendants anyway, however, because it found it "equally possible" that the referral was outside the statute of limitations. *Id.* The District Court reasoned that Szymanski had not proffered sufficient evidence to create a genuine factual dispute as to when he discovered that Slattery had been wrongfully referred back to work ahead of him. By doing so, the District Court improperly placed the burden of proving the affirmative defense onto Szymanski.

3

With respect to the other four Local 3 members, we conclude that summary judgment was also unwarranted. The District Court determined that with respect to these four members (Adriana, Lagan, Paskowski, and Temkin), "the record *either* makes clear that [the claims as to those referrals were time-barred] *or* does not specify when plaintiff learned of their allegedly unfair referrals." *Id.* at 13–14 (emphasis supplied). As to any claim for which the record did "not specify" when Szymanski learned of the allegedly unfair referral, summary judgment is inappropriate because, at this stage, the facts must be viewed in the light most favorable to Szymanski. Because the District Court does not identify which claims it found to be time-barred based on *affirmative* evidence in the record and which it found to be time-barred based on a *lack* of evidence, we cannot conclude that its ruling properly allocated the burden to the defendants rather than to Szymanski. Accordingly, on this record, summary judgment was inappropriate.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **VACATE AND REMAND** the judgment of the District Court, entered August 22, 2013, for further proceedings consistent with this Order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4