14-2738-cv (L)
*A Star Grp., Inc. v. Manitoba Hydro*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand fifteen.

PRESENT:

ROBERT D. SACK,
BARRINGTON D. PARKER,
SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

THE A STAR GROUP, INC.,

        *Plaintiff-Appellant-Cross-Appellee,*

        v.                                          Nos. 14-2738-cv (L), 14-2877-cv (XAP), 14-2882-cv (XAP), 14-2884-cv (XAP)

MANITOBA HYDRO, KPMG LLP (CANADA),
KPMG LLP (US), MANITOBA PUBLIC UTILITIES
BOARD,

        *Defendants-Appellees-Cross-Appellants.*

_____

FOR PLAINTIFF-APPELLANT-          Jesse Strauss, Strauss Law PLLC, New
CROSS-APPELLEE:                   York, New York.

FOR DEFENDANT-APPELLEE-CROSS-APPELLANT MANITOBA HYDRO:

Michael R. Hepworth and Robert J. Alessi, DLA Piper LLP (US), New York, NY.

FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS KMPG (CANADA) and KPMG (US):

Daniel B. Goldman and Kevin P. Broughel, Paul Hastings LLP, New York, NY.

FOR DEFENDANT-APPELLEE-CROSS-APPELLANT MANITOBA PUBLIC UTILITIES BOARD:

Kenneth E. Lee, Seth L. Levine, Lara J. Fogel, and Miriam L. Alinikoff, Levine Lee LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 30, 2014 judgment of the District Court is **AFFIRMED**.

Plaintiff The A Star Group, Inc. ("AStar") brings this action against defendants Manitoba Hydro ("Hydro"), KPMG LLP (Canada) and KPMG LLP (US) (collectively, "KPMG"), and the Manitoba Public Utilities Board (the "PUB") for breach of contract, breach of the covenant of good faith and fair dealing, misappropriation of trade secrets, unfair competition, unjust enrichment, tortious interference with contract, and copyright infringement, in violation of New York and federal law. AStar appeals the District Court's grant of defendants' motions to dismiss all claims and entry of judgment dismissing the action with prejudice. Defendants cross-appeal the District Court's denial of their request for attorneys' fees under the Copyright Act. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

AStar is a New York-based risk consulting and software firm. AStar served as a consultant for Hydro, a Canadian hydro-electric power company, and purports to have discovered that Hydro was exposed to significant losses and that its customers faced public

2

safety risks. Styling itself a whistleblower, AStar disclosed its view of Hydro's risks to the PUB, a branch of the provincial government of Manitoba charged with regulating utility rates. In connection with the disclosure, AStar provided the PUB with reports containing its risk analyses, which it later withdrew. Thereafter, Hydro hired KPMG, a consulting firm that AStar alleges to be its competitor, to assist in Hydro's investigation of and response to AStar's reports. AStar's claims in this suit arise from defendants' allegedly unauthorized use and distribution of its reports and related materials, which AStar asserts contained its proprietary and confidential information.

The District Court dismissed AStar's claims against the PUB for lack of subject matter jurisdiction. The parties do not dispute that the PUB is a foreign governmental entity entitled to the immunities provided by the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602 *et seq.*, unless AStar can show that a statutory exception applies—a hurdle that the District Court found AStar failed to clear. The District Court dismissed AStar's claims against Hydro and KPMG under Fed. R. Civ. P. 12(b)(6), ruling that neither Hydro nor KPMG violated any agreement with AStar and that the complaint was devoid of factual allegations supporting the remaining state-law claims. The District Court determined that AStar's infringement claim under the Copyright Act (the "Act"), 17 U.S.C. § 101 *et seq.*, was deficient because AStar did not complete registration of its works before filing suit. It declined, further, on futility grounds, to allow AStar to amend the complaint to reflect the works' subsequent registration, explaining that AStar did not plausibly allege an infringement claim in any event, absent allegations regarding how or when defendants improperly copied the works. Finally, it denied Hydro's request under section 505 of the Act for attorneys' fees—a request made on behalf of all defendants—on the ground that AStar's position was "not entirely frivolous or unreasonable." *See A Star Grp., Inc. v. Manitoba Hydro*, No. 13 Civ. 4501(PAC), 2014 WL 2933155, at *6 n.6 (S.D.N.Y. June 30, 2014).

3

Upon *de novo* review,[1] we conclude that the District Court properly dismissed AStar's claims against the PUB for lack of subject matter jurisdiction and properly dismissed AStar's claims against Hydro and KPMG under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We affirm these rulings substantially for the reasons stated by the District Court in its well-reasoned opinion and order. *See A Star Grp., Inc.*, 2014 WL 2933155.

As to AStar's copyright claim, we affirm, but for reasons other than those principally relied on by the District Court. *See Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 343 (2d Cir. 1994). The District Court based its dismissal on AStar's failure to register its works before filing suit. When AStar filed its complaint on June 28, 2013, it had submitted two applications for registration one day prior, on June 27. Registration was not granted until July 2. Our Court has not yet determined, however, whether a merely pending application for registration satisfies the Act's requirement that a work be registered before a related infringement suit is filed. 17 U.S.C. § 411(a) (providing that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with" the Act); *see Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). Our Sister Circuits have adopted varying approaches to the question. *See Psihoyos*, 748 F.3d at 125 (collecting cases).

We need not reach the issue here, however, because even assuming an answer in AStar's favor, its allegations do not state a claim for relief. AStar described itself in its complaint as "the owner of copyright rights to Timetrics software and related documentation, including without limitation, Timetrics screenshots, graphic representations, data compilations, source code, object code, programming tools, and documentation related to Timetrics technology, and derivative works thereof," and sought damages for infringement of all of these alleged works. App. 72, 82. AStar applied and registered for

---

[1] *See, e.g.*, *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (per curiam); *Anglo-Iberia Underwriting Mgmt. Co. v. P.T. Jamsostek (Persero)*, 600 F.3d 171, 175 (2d Cir. 2010).

4

copyrights only on "Screen Shots" of "text, compilation, [and] artwork," however, and deposited with the U.S. Copyright Office certain operational risk reports, in the form of charts and graphs, apparently generated by the Timetrics software. Supplemental App. 159, 161, 164-83. It describes these registered materials on appeal as "graphical representations of its code." Appellant's Br. 32. But a party may not amend its pleadings through statements in its briefs. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Even were we to consider this new formulation of AStar's infringement claim, the complaint does not adequately allege defendants' ostensibly infringing use of the copyrighted screen shots. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). We conclude, therefore, that AStar fails to state a viable copyright infringement claim. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) ("In order to establish a claim of copyright infringement, a plaintiff with a valid copyright must demonstrate that . . . the defendant has actually copied the plaintiff's work . . . ."(internal quotation marks omitted)).

As to the defendants' cross-appeal, we conclude that the District Court did not abuse its discretion by denying defendants' request under the Act for attorneys' fees. Section 505 of the Act allows a district court "in its discretion" to award reasonable attorneys' fee to the prevailing party on a Copyright Act claim. 17 U.S.C. § 505. Defendants argue principally that an attorneys' fees award is warranted here because before AStar initiated this action, defendants advised AStar that its copyright claim was defective for want of registration and AStar failed to cure this defect. As discussed above, however, whether a pending application meets the Act's registration requirement remains an open question in this Circuit, and for this reason among others we cannot conclude that the District Court abused its discretion in denying the attorneys' fees request.

* * *

5

We have considered the parties' remaining arguments and find them to be without merit. We therefore **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court