15-3004-cv
*Szymanski v. Local 3, Int'l Bhd. of Elec. Workers*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

JOSEPH SZYMANSKI,

        *Plaintiff-Appellant,*                                    15-3004-cv

        v.

LOCAL 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO; JOINT INDUSTRY BOARD OF THE ELECTRICAL INDUSTRY,

        *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Robert S. Powers, Law Office of Robert S. Powers, North Babylon, NY. |
| **FOR DEFENDANT-APPELLEE LOCAL 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO:** | Richard S. Brook, Patricia E. Palmeri, Law Office of Richard S. Brook, Mineola, NY. |

**FOR DEFENDANT-APPELLEE JOINT INDUSTRY BOARD OF THE ELECTRICAL INDUSTRY:**

Parisis G. Filippatos, Joint Industry Board of the Electrical Industry, Flushing, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Joseph Szymanski ("Szymanski") appeals from an August 28, 2015 District Court judgment dismissing with prejudice his first amended complaint and denying his motion to amend that complaint. On appeal, Szymanski argues that the District Court erred in holding that he had failed to state a claim for breach of the duty of fair representation ("DFR") and in denying him leave to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We focus here on the allegations in Szymanski's proposed second amended complaint ("PSAC"). We generally review a denial of leave to amend for "abuse of discretion." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). But where, as here, the denial was based on the District Court's determination that amendment would be futile, our review is *de novo. Id.*; *see also Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) ("[A] request to replead should be denied in the event that amendment would be futile."). "We assess futility as we would a motion to dismiss, determining whether the proposed complaint contains enough facts to state a claim to relief that is plausible on its face." *Ind. Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 92 (2d Cir. 2016) (internal quotation marks omitted).

As an initial matter, we agree with the District Court that a DFR claim will not lie against the Joint Industry Board of the Electrical Industry ("Joint Industry Board"). A DFR claim "may be stated only against a union" or other labor organization that represents employees. *See Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 388 n.10 (2d Cir. 2015). For instance, DFR claims may not be brought against a union's agents or members. *See Morris v. Local 819, Int'l Bhd. of Teamsters,* 169 F.3d 782, 784 (2d Cir. 1999). Because Szymanski's proposed second amended complaint does not allege that the Joint Industry Board is a union or a labor organization under Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), it does not allege a DFR claim against that party. *See* App.

85 ¶ 3 (alleging that the Joint Industry Board "is an unincorporated labor/management committee").[1]

We next turn to Szymanski's first proposed cause of action against Local 3, International Brotherhood of Electrical Workers, AFL-CIO ("Local 3"), alleging that the union improperly referred other Local 3 members for work ahead of Szymanski. The Joint Industry Board "administers a hiring hall that refers unemployed [Local 3] members such as Szymanski for work with employers" who are parties to collective bargaining agreements with the union. *Szymanski v. Local 3, Int'l Bhd. of Elec. Workers*, 577 F. App'x 52, 52 (2d Cir. 2014). Although the PSAC includes several conclusory allegations that the Joint Industry Board and Local 3 jointly "maintain" the hiring hall, the PSAC does not allege that Local 3 was actually responsible for hiring-hall referrals. To the contrary, the more specific allegations in the PSAC make it clear that the Joint Industry Board, not the union, made hiring-hall decisions. *See, e.g.*, App. 108 ¶ 62 ("[T]he Joint Board did not make it a practice to advise Local 3 members of when specific jobs became available or when jobs were filed . . . ."); *see also* Pl. Br. 5 ("The Joint Industry Board oversees the placement of Local 3 employees with Local 3 employers."); *id.* at 7 ("[A]n individual employer or employee may direct complaints relating to work assignments to the Joint Industry Board."); *id.* at 13 ("[T]he Joint Industry Board operates the hiring hall . . . .").

Because Local 3 does not operate the hiring hall, Szymanski must allege facts showing that the union is derivatively liable for the Joint Industry Board's allegedly discriminatory practices. He has not done so here. Although Szymanski asserts in his brief that Local 3 "has 50% representation on the Joint Industry Board," Pl. Br. 13—an allegation that appears nowhere in the PSAC—such representation is insufficient to give rise to derivative liability. *Cf. Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 395 (1982) ("That the employers fund the activities of [a joint apprenticeship committee] does not render the [committee] the employers' servant or agent . . . . Neither is a right of control inferable merely from the power . . . to appoint half of the [committee's] trustees."). And Szymanski cites no authority to support his assertion that Local 3 can be held liable based on mere awareness of the hiring hall's alleged discrimination.[2]

---

[1] Our conclusion is reinforced by the position of the National Labor Relations Board ("NLRB") that the Joint Industry Board "does not meet the [NLRB's] definition of labor organization." *See* App. 69–75.

[2] In a telephone conference before the District Court, Szymanski conceded that the Joint Industry Board "is independent of the [u]nion" and stated that his only theory of liability with respect to Local 3 was that it "breached its duty of fair representation in not advocating for [him] before the Joint Industry Board in connection with the hiring hall administration." Supp. App. 281, 284. Szymanski did not include such a claim in his PSAC.

3

Finally, we turn to Szymanski's second proposed DFR claim against Local 3, alleging six specific instances of on-the-job harassment followed by improper termination. These allegations fail to state a DFR claim for the reasons stated by the District Court. *See Szymanski v. Local 3, Int'l Bhd. of Elec. Workers*, No. 12-CV-2527 (ARR) (VPP), 2015 WL 5146204, at *9 (E.D.N.Y. Aug. 28, 2015). Specifically, the PSAC pleads no facts that would support an inference that the *union*—as opposed to employers or individual union members—committed actions that were "arbitrary, discriminatory, or in bad faith." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (internal quotation marks omitted).

## CONCLUSION

We have reviewed all of the arguments raised by Szymanski on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 28, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4