**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

STARZ ENTERTAINMENT, LLC,
*Plaintiff-Appellee*,

v.

MGM DOMESTIC TELEVISION
DISTRIBUTION, LLC,
*Defendant-Appellant.*

</td>
<td>

No. 21-55379

D.C. No.
2:20-cv-04085-
DMG-KS

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 10, 2022
San Francisco, California

Filed July 14, 2022

Before: Kim McLane Wardlaw, Sandra S. Ikuta, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge Wardlaw

# SUMMARY[*]

### Copyright

The panel affirmed the district court's denial of a motion to dismiss copyright infringement claims as barred by the three-year limitations period set forth in 17 U.S.C. § 507(b).

Generally, a copyright claim accrues when the infringement occurs. The panel held that *Petrella v. Metro-Goodwyn-Mayer, Inc.*, 572 U.S. 663 (2014), did not do away with the discovery rule, under which a claim alternatively accrues when the copyright holder knows or reasonably should know that an infringement occurred. Declining to adopt the approach taken by the Second Circuit, the panel held that the discovery rule allows copyright holders to recover damages for all infringing acts that occurred before they knew or reasonably should have known of the infringing incidents, and the three-year limitations period runs from the date the claim accrued.

The panel held that the district court correctly applied the discovery rule to conclude that plaintiff timely filed its claims of copyright infringement. Because plaintiff brought its claims within three years after they accrued, it was not barred from seeking damages for all acts of infringement.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Mark A. Perry (argued), Gibson Dunn & Crutcher LLP, Washington, D.C.; Orin Snyder, Gibson Dunn & Crutcher LLP, New York, New York; Blaine H. Evanson, Gibson Dunn & Crutcher LLP, Irvine, California; Jay P. Srinivasan, Gibson Dunn & Crutcher LLP, Los Angeles, California; for Defendant-Appellant.

J. Wesley Earnhardt (argued), Evan R. Chesler, and Justin C. Clarke, Cravath Swaine & Moore LLP, New York, New York; Robert N. Klieger, Hueston Hennigan LLP, Los Angeles, California; for Plaintiff-Appellee.

Tyler T. Ochoa, Santa Clara University School of Law, Santa Clara, California, for Amicus Curiae Professor Tyler T. Ochoa.

Benjamin H. Diessel and Michael Rondon, Wiggin and Dana LLP, New Haven, Connecticut; Nathan E. Denning, Wiggin and Dana LLP, New York, New York; for Amici Curiae Authors Guild Inc., and Other Artists' Rights Organizations.

**OPINION**

WARDLAW, Circuit Judge:

The Copyright Act, 17 U.S.C. § 101 *et seq.*, provides that a civil action for copyright infringement is timely so long as it is "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Generally, the claim "accrues" when the infringement or violation of one of the copyright holder's exclusive rights occurs, known as the "incident of injury rule." In our circuit, and every other circuit to have reached the question, an exception to that infringement rule has developed. Known as the "discovery rule," a claim alternatively accrues when the copyright holder knows or reasonably should know that an infringement occurred.

In 2014, the Supreme Court addressed the interplay between § 507(b) and the doctrine of laches, holding that laches does not bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667–68 (2014). Since then, defendants accused of copyright infringement have seized upon certain language in *Petrella* to argue that the Court also did away with the discovery rule. Most courts, including the district court here, have rejected that argument, reasoning that *Petrella* addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed. Moreover, because *Petrella* noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.

## I.

## A.

### 1. *The exclusivity agreements*

Starz Entertainment LLC (Starz) provides premium subscription video programming through a suite of premium cable television channels and on-demand services. The content Starz provides to subscribers includes original programming as well as popular movies and television shows licensed from other studios. To acquire external content, Starz enters into licensing agreements with studios and other copyright holders, providing Starz with the exclusive right to exhibit specific content on its services for a defined period.

On July 26, 2013, Starz entered into a licensing agreement (a "Library Agreement") with MGM Domestic Television Distribution LLC (MGM). The parties entered into a second Library Agreement on May 7, 2015, providing Starz with exclusive exhibition rights to more MGM-owned content. Together, the two Library Agreements provided Starz with the exclusive right to exhibit 585 movies and 176 television series episodes in exchange for about $70 million. More specifically, MGM granted Starz the exclusive right to exhibit those MGM-owned movies and television series episodes on Starz's suite of services within the United States for specified time periods ranging from months to years. For some titles, Starz secured multiple license periods from MGM, resulting in more than 1,000 separate license periods each operating on its own time frame. In addition to the exclusive exhibition rights, Starz received contractual warranties from MGM that it would not exhibit or license to third parties any of the licensed content in violation of Starz's exclusive rights.

## 2. *Discovery of MGM's infringement*

In August 2019, a Starz employee discovered that one of the films covered by the licensing agreements, *Bill & Ted's Excellent Adventure*, was available to stream on Amazon Prime Video during Starz's exclusivity period. Starz notified MGM of its discovery, and MGM admitted that this improper license violated Starz's rights. MGM offered to provide additional periods of exclusivity to remedy this violation. At the time, MGM did not inform Starz of any additional potential exclusivity violations.

Starz decided to investigate further, and, by the end of August, discovered that twenty-two additional movies covered by the Library Agreements were available on Amazon Prime Video. MGM acknowledged these violations in September 2019. Starz then sought formal assurances from MGM in October 2019 that the identified titles were not licensed to any other service provider and that MGM licensed no other covered content in violation of the Library Agreements. Instead of those assurances, in November 2019, MGM provided Starz with a list of 136 movies and 108 television series episodes that had been licensed to other service providers (including MGM-owned rival service Epix) in violation of the Library Agreements. Starz continued to conduct its own investigation and subsequently identified nearly 100 additional movies not included on MGM's November list that were licensed to third parties during time periods they were exclusively licensed to Starz.

## B.

Starz sued MGM in May 2020, asserting 340 claims of direct copyright infringement, 340 claims of contributory copyright infringement, 340 claims of vicarious copyright

infringement, one claim of breach of contract, and one claim of breach of the covenant of good faith and fair dealing. In July 2020, MGM moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that many of Starz's copyright infringement claims are barred by the Supreme Court's decision in *Petrella*, which MGM asserts "imposes a strict bar to collecting any damages for copyright infringements that occur more than three years prior to the filing of the complaint."[1] In a well-reasoned order, the district court concluded that *Petrella* left unaffected the discovery rule—that under the Copyright Act there exists "a three-year damages bar [under § 507(b)] *except* when the plaintiff reasonably was not aware of the infringements at the time they occurred."

## II.

The district court had jurisdiction pursuant to 28 U.S.C. § 1338, which confers subject matter jurisdiction over copyright actions. At MGM's request, the district court certified its order for interlocutory appeal, which we accepted, vesting us with jurisdiction pursuant to 28 U.S.C. § 1292(b).

We review the district court's denial of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Platt v. Moore*, 15 F.4th 895, 901 (9th Cir. 2021). We accept all well-pleaded factual allegations contained in the complaint as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and decide whether the complaint articulates "enough facts to state a claim to relief that is plausible on its

---

[1] The parties entered into a tolling agreement that made the operative date of the Complaint for assessing the statute of limitations March 24, 2020.

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The district court's interpretations of the Copyright Act are reviewed de novo. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 665 (9th Cir. 2017).

## III.

### A.

17 U.S.C. § 507 establishes the statute of limitations under the Copyright Act: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." The key question we must answer is when does a copyright infringement claim accrue?

A claim ordinarily accrues when the plaintiff has a "complete and present cause of action." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (citation omitted). In the copyright context, a claim accrues "when an infringing act occurs," *Petrella*, 572 U.S. at 670, *i.e.,* when the infringer "violates any of the exclusive rights of the copyright owner," *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1080 (9th Cir. 2021) (emphasis omitted) (quoting 17 U.S.C. § 501(a)), although this is not the only time a claim accrues, as explained below.

In *Roley v. New World Pictures, Ltd.*, 19 F.3d 479 (9th Cir. 1994), we addressed the situation of a continuing violation, where the copyright holder, Roley, had witnessed the original screening of a new movie in August 1987 that he claimed, at that time, infringed his screenplay. We held that a "cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Id*. at 481. But Roley did not file his

complaint alleging infringement until February 1991. *Id*. at 480. He sought the benefit of the Seventh Circuit's then[2] view of the three-year limitation period, "that so long as any allegedly infringing conduct occurs within the three years preceding the filing of the action, the plaintiff may reach back and sue for damages or other relief for all allegedly infringing acts," beginning when the first infringing act occurred, no matter how long ago. *Id*. at 481 (citing *Taylor v. Meirick*, 712 F.2d 1112, 1118–19 (7th Cir. 1983)). We squarely rejected that theory of recovery for continuing copyright violations, holding that Roley could recover only for infringing acts that occurred within the three years preceding the filing of the copyright infringement lawsuit. *Id*. Thus, as early as 1994, we both recognized the discovery rule in the "specific context of cases where infringement and accrual happen simultaneously," and that when the copyright holder knew of earlier infringing acts, recovery was allowable only for infringing acts occurring within the three-year window before commencing suit.

Our subsequent decision in *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) (as amended), recognized the latter point—that *Roley* did not create a bar against recovery for acts of infringement that occurred prior to the three-year window. Rather, *Roley* held that a claim accrues at "the moment when the copyright holder 'has knowledge of a violation or is chargeable with such knowledge,'" and therefore "the three-year clock begins upon discovery of the infringement." *Id*. at 706 (quoting

---

[2] At that time, the Seventh Circuit applied the "continuing violation" doctrine to copyright infringement. It has since recognized that the "'continuing violation' doctrine is incompatible with the separate-accrual rule of § 507(b) . . . ." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 616 (7th Cir. 2014).

*Roley*, 19 F.3d at 481). Therefore, under *Roley*, § 507(b) does not prohibit the recovery of damages for infringing acts that occurred outside the three-year window so long as "the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances." *Id*. We reasoned:

> Without the benefit of tolling in this situation, a copyright plaintiff who, through no fault of its own, discovers an act of infringement more than three years after the infringement occurred would be out of luck. Such a harsh rule would distort the tenor of the statute. Section 507(b), like all statutes of limitations, is primarily intended to promote the timely prosecution of grievances and discourage needless delay. It makes little sense, then, to bar damages recovery by copyright holders who have no knowledge of the infringement
> . . . .

*Id*. In other words, a claim for copyright infringement may accrue when the copyright owner discovers, or reasonably should have discovered, the infringement. *Id*. at 705.

In addition to first establishing the discovery rule, *Roley* was important for another reason—while not labeling it as such, it recognized the "separate accrual" rule. In examining whether any actionable conduct occurred in the three years before Roley filed his complaint, we recognized that the statute of limitations runs separately for each successive incident of infringement. *See Roley*, 19 F.3d at 481. Although we held that "an action may be brought for all acts that accrued within the three years preceding the filing of the suit," in an ironic twist, Roley was unable to adduce any

evidence of any infringing act that occurred during that period.  *Id*. at 481–82.

Fast forward two decades from *Roley* to *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014).  There, the Supreme Court was tasked with determining whether the doctrine of laches could bar claims of infringement that accrued within the three-year window of § 507(b).  Paula Petrella, the heir to the author of the 1963 screenplay upon which MGM's 1980 movie *Raging Bull* was based, renewed the copyright in the 1963 screenplay.  *Petrella*, 572 U.S. at 673.  She became aware that she had a copyright infringement claim against MGM for its continued exploitation of *Raging Bull* at least as early as 1998, but she waited to commence an action until January 6, 2009, when the movie began to show profits.  *Id*. at 674–75.  However, recognizing that the statute of limitations for copyright claims requires commencement of suit within three years after the claim accrued, 17 U.S.C. § 507(b), Petrella sought damages for only those acts of infringement that occurred on or after January 6, 2006.  *Id*. at 674–75.  MGM asserted the defense of laches based on Petrella's knowledge of her potential infringement claim since 1998.  *Id*. at 675.

The Court held that laches is not a defense to claims for relief for violations that accrue within the three-year limitations window.  It first explained that "the separate-accrual rule attends the copyright statute of limitations," such that "each infringing act starts a new limitations period."  *Id*. at 671.  Thus, in deciding that laches is inapplicable, the Court explained that "the copyright statute of limitations, § 507(b), itself takes account of delay."  *Id*. at 677.  It continued:

> As earlier observed, a successful plaintiff can gain retrospective relief only three years back

> from the time of suit. No recovery may be had for infringement in earlier years. Profits made in those years remain the defendant's to keep. Brought to bear here, § 507(b) directs that MGM's returns on its investment in Raging Bull in years outside the three-year window (years before 2006) cannot be reached by Petrella. Only by disregarding that feature of the statute, and the separate-accrual rule attending § 507(b), could the Court of Appeals presume that infringing acts occurring before [three years prior to filing suit] bar all relief, monetary and injunctive, for infringement occurring on and after that date.

*Id*. (cleaned up).

The discovery rule had no place in the Court's laches analysis, nor could it. In the course of discussing the question of when a claim accrues, the Court stated the general rule: A copyright claim "'accrue[s]' when an infringing act occurs," which it labeled "the incident of injury rule." *Id*. at 670 (alteration in original). It then dropped a footnote, noting that

> [N]ine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a "discovery rule," which starts the limitations period when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *William A Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d. Cir. 2009) (internal quotation marks omitted). *See also* 6 W. Patry,

Copyright § 20:19, p. 20–28 (2013) . . . ("The overwhelming majority of courts use discovery accrual in copyright cases.").

*Id.* at 670 n.4. However, the Court expressly noted that it had "not passed on the question," and it did not do so in *Petrella. Id.* Nor has it had the occasion to address the discovery rule since. *See, e.g., SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 962 (2017) (recognizing that the Court has not decided "whether the Copyright Act's statute of limitations is governed by [a discovery] rule"). And because the *Petrella* Court was solely concerned with laches—a doctrine addressing concerns about delay when plaintiffs know of their claims, but sleep on their legal rights[3]—it could not have intended its language to address the situation where a copyright holder does not know about the infringing act to which the discovery rule, not the incident of injury rule, applies. It thus seems fair to draw the conclusion that in *Petrella*, "the Court acknowledged that the 'incident of injury' rule it described in the main text of the case is not the only [accrual] rule that federal courts apply in copyright infringement cases," *Mitchell v. Capitol Recs., LLC*, 287 F. Supp. 3d 673, 677 (W.D. Ky. 2017), but said nothing else about the discovery rule's continued viability.

---

[3] *See* Restatement (Second) of Torts § 939 (1979) (defining laches as an equitable remedy that may bar relief where there is "delay by the plaintiff in bringing suit, after he knew or should have known of the tort . . . if the delay has operated to the prejudice of the defendant or has weakened the court's facility of administration").

B.

"The overwhelming majority of courts" today use the discovery rule for determining accrual in copyright cases. *See* 6 William F. Patry, *Patry on Copyright* § 20:19 (2013) (collecting cases). Our circuit has continued to apply the discovery rule post *Petrella*. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020) ("[A] copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement."); *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019) (same). But most circuit courts, including ours, have not yet addressed whether *Petrella* imposed a damages bar separate from the statute of limitations, as MGM suggests.

The Second Circuit is the only exception. *See Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020). There, Sohm, a professional photographer, entered into an agreement with different agencies to issue limited licenses to third parties to use his photographs. *Id*. at 42. In 2004, one of those agencies entered into an agreement with Scholastic, a publisher and distributor of children's books, that established fees for certain print-run ranges of Sohm's photos. *Id*. Some twelve years later, in May 2016, Sohm sued Scholastic for copyright infringement, alleging that Scholastic used his photos in numbers in excess of those contemplated in the monthly invoices governing Scholastic's licenses. *Id*. Scholastic moved for summary judgment, arguing that the incident of injury rule should apply to determine when Sohm's claim accrued and, even if the discovery rule applied, first, Sohm should have discovered the ongoing infringements more than three years before he filed suit, and second, that *Petrella* created a

"damages bar" such that damages should be strictly limited to three years from the time the complaint was filed. *See id*. at 44. The district court rejected each of Scholastic's arguments, applied the discovery rule, found Sohm was not on inquiry notice three years before he filed suit, and was thus entitled to damages for infringing acts before the three-year period preceding suit. *See id*.

The Second Circuit affirmed the district court's grant of summary judgment, concluding "that the discovery rule applies for statute of limitations purposes in determining when a copyright infringement claim accrues under the Copyright Act." *Id*. at 50. It explained that "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement," citing its binding precedent in *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014). *Sohm*, 959 F.3d at 50. It recognized that the Supreme Court in *Petrella* "specifically noted that it was not passing on the question of the discovery rule," a position that was "reaffirmed" in *SCA Hygiene Products*. *Id*. "Consequently," the Second Circuit found that "in light of the Supreme Court's direct and repeated representations that it has not opined on the propriety of the discovery or injury rules, it would contravene settled principles of *stare decisis* for this Court to depart from its prior holding in *Psihoyos* on the basis of *Petrella*." *Id*.

The Second Circuit next considered whether the district court correctly found that Sohm "did not discover, nor with due diligence should have discovered, Scholastic's purported copyright infringements more than three years prior to when he filed suit." *Id*. It concluded that Scholastic failed to identify any facts or circumstances that would have put Sohm on inquiry notice that Scholastic was infringing its

copyrights, reasoning that "Scholastic cannot rely on the passage of time alone to establish that Sohm should have discovered" the infringing acts. *Id*. at 51. It upheld the district court's determination that Sohm's claims accrued within the statute of limitations—that he discovered the earlier acts of infringement within the three-year period before he filed suit. That should have been the end of discussion, but it wasn't.

Scholastic, like MGM here, went on to argue that even if the discovery rule means the pre-three-year window claims timely accrued, *Petrella* created a separate damages bar that limits damages to only those arising from acts of infringement within the three-year window. The Second Circuit agreed, holding that the *Petrella* Court "explicitly delimited damages to the three years prior to the commencement of a copyright infringement action." *Id*. It found that "*Petrella*'s plain language explicitly dissociated the Copyright Act's statute of limitations from its time limit on damages." *Id*. at 52. The Second Circuit reasoned from *Psihoyos* and certain language in *Petrella* that "we must apply the discover[y] rule to determine when a copyright infringement claim accrues, but a three-year lookback period from the time a suit is filed to determine the extent of the relief available." *Id*. Accordingly, the *Sohm* court concluded that "a plaintiff's recovery is limited to damages incurred during the three years prior to filing suit," even where the copyright holder was unaware of the infringing acts, and the district court's contrary conclusion was in error. *Id*.

## C.

MGM asks us to adopt the approach taken by the Second Circuit in *Sohm*, and hold, in light of *Petrella*, that the damages that Starz may recover on its infringement claims

are strictly limited to damages for the incidents of infringement that occurred during the three-year period before Starz filed suit, without regard to the date of accrual. We disagree that such a limitation on recovery of damages is dictated by *Petrella*. We hold that the discovery rule for accrual allows copyright holders to recover damages for all infringing acts that occurred before they knew or reasonably should have known of the infringing incidents and that the three-year limitations period runs from the date the claim accrued, *i.e.*, from the date when the copyright holder knew or should have known of the infringement.

Applying a separate damages bar based on a three-year "lookback period" that is "explicitly dissociated" from the Copyright Act's statute of limitations in § 507(b) would eviscerate the discovery rule. There is no reason for a discovery rule if damages for infringing acts of which the copyright owner reasonably becomes aware years later are unavailable. This case provides a textbook example of the absurdity of such a rule. The Library Agreements between Starz and MGM covered hundreds of titles under separate time periods, and some of the exclusivity periods ended as early as 2013. Under the approach urged by MGM and adopted in *Sohm*, damages may only be recovered for a 2013 infringement if the complaint is filed within three years of 2013, or by 2016. But here, Starz did not discover *any* infringement until August 2019, and Starz brought suit less than a year later. Thus, while Starz's copyright infringement claim accrued upon discovery in August 2019, and was therefore timely under § 507(b) because the complaint was filed before August 2022, under MGM's theory, that same act of infringement has been nonrecoverable since 2016. As the district court noted, under *Sohm*'s rule, "[t]o the extent the discovery rule 'saved' the claims, it was a pyrrhic victory." Moreover, recognizing a damages bar would

render the "discovery rule" functionally identical to the "incident of injury" rule. *See* Br. of Amicus Curiae Professor Tyler Ochoa in Supp. of Pl.-Appellee & Affirmance at 13–15. By purporting to apply the discovery rule but imposing a three-year damages bar, *Sohm* is inherently self-contradictory. *See* 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.05[B][2][d][ii] (2021) ("But, immediately after nominally reaffirming the discovery rule, *Sohm v. Scholastic* took a hundred-and-eighty degree turn . . . In sum, the practical import of this case is to adopt the injury rule and reject the discovery rule that it had previously upheld."). The overwhelming majority of district courts in discovery rule circuits has rejected the concept of a damages bar in discovery rule cases, as Starz argues.[4]

---

[4] Starz cites in its brief nearly thirty cases that have explicitly or implicitly rejected the notion that *Petrella*, a non-discovery rule case, created a damages bar in cases where the discovery rule applies. *See, e.g., Mavrix Photo, Inc. v. Rant Media Network, LLC*, No. CV 19-7270-DMG-AFMx, 2020 WL 8028098, at *4 (C.D. Cal. Nov. 2, 2020); *D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc.*, 516 F. Supp. 3d 121, 135 (D.N.H. 2021); *Stross v. Hearst Commc'ns, Inc.*, No. SA-18-CV-01039-JKP, 2020 WL 5250579, at *8 (W.D. Tex. Sept. 3, 2020); *Menzel v. Scholastic, Inc.*, No. 17-cv-05499-EMC, 2019 WL 6896145, at *6 (N.D. Cal. Dec. 18, 2019); *Adobe Sys. Inc. v. NA Tech Direct Inc.*, No. 17-cv-05226-YGR, 2019 WL 5579472, at *8 (N.D. Cal. Oct. 29, 2019); *Krasemann v. Scholastic, Inc.*, No. CV-18-08313-PCT-DWL, 2019 WL 3220535, at *7 (D. Ariz. July 17, 2019); *Evox Prods. LLC v. Chrome Data Sols., LP*, No. 3:16-cv-0057-PK, 2018 WL 6059530, at *16 (D. Or. Sept. 6, 2018); *Kelly v. Maricopa Cnty. Sheriff's Off.*, No. CV-15-02572-PHX-GMS, 2017 WL 6054675, at *2 (D. Ariz. Dec. 7, 2017); *Phoenix Techs. Ltd. v. VMware, Inc.*, No. 15-cv-01414-HSG, 2017 WL 1289863, at *7 (N.D. Cal. Jan. 6, 2017); *Yue v. MSC Software Corp.*, No. 15-cv-05526-PJH, 2016 WL 3913001, at *1 (N.D. Cal. July 20, 2016); *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1092–93 (C.D. Cal. 2016); *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, No. CV 14-3466

The Supreme Court did not create a damages bar separate from the statute of limitations in *Petrella*. The language that MGM relies on in *Petrella* is relevant only to incident of injury rule cases, not to cases where we apply the discovery rule. MGM relies, like the Second Circuit in *Sohm*, on the *Petrella* Court's statement that "the statute 'itself takes account of delay' by limiting damages to the three years prior to when a suit is filed." *Sohm*, 959 F.3d at 52 (quoting *Petrella*, 572 U.S. at 677). This statement is accurate when the incident of injury rule applies because the

---

MMM (JPRx), 2015 WL 12752881, at *8 (C.D. Cal. Aug. 27, 2015); *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH-PAL, 2015 WL 5089779, at *6 (D. Nev. Aug. 27, 2015); *Richardson v. Kharbouch*, No. 19-C-02321, 2020 WL 1445629, at *6–7 (N.D. Ill. Mar. 25, 2020); *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 305 F. Supp. 3d 788, 792–94 (N.D. Ohio 2018); *Energy Intel. Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1371 (D. Kan. 2018); *Krist v. Scholastic, Inc.*, 253 F. Supp. 3d 804, 811–12, 812 n.44 (E.D. Pa. 2017); *Mitchell*287 F. Supp. 3d at 677–78; *Design Basics, LLC v. McNaughton Co.*, No. 3:17-cv-258, 2017 WL 11068761, at *4–5 (M.D. Pa. Nov. 15, 2017); *Boehm v. Svehla*, No. 15-cv-379-jdp, 2017 WL 4326308, at *8–9 (W.D. Wis. Sept. 27, 2017); *Topline Sols., Inc. v. Sandler Sys., Inc.*, No. ELH-09-3102, 2017 WL 1862445, at *21 (D. Md. May 8, 2017); *Alfa Laval Inc. v. Flowtrend, Inc.*, No. H-14-2597, 2016 WL 2625068, at *5–6 (S.D. Tex. May 9, 2016); *Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, LP*, No. H-14-1903, 2016 WL 1203763, at *4 (S.D. Tex. Mar. 22, 2016); *Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 448 (E.D. Pa. 2015); *Design Basics LLC v. J & V Roberts Invs., Inc.*, 130 F. Supp. 3d 1266, 1281–82 (E.D. Wis. 2015); *Design Basics LLC v. Campbellsport Bldg. Supply Inc.*, 99 F. Supp. 3d 899, 919 (E.D. Wis. 2015); *Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.*, 28 F. Supp. 3d 399, 410–11 (E.D. Pa. 2014); *Frerck v. Pearson Educ., Inc.*, 63 F. Supp. 3d 882, 887 n.3 (N.D. Ill. 2014); *Beasley v. John Wiley & Sons, Inc.*, 56 F. Supp. 3d 937, 945 n.5 (N.D. Ill. 2014); *Panoramic Stock Images, Ltd. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12 C-9881, 2014 WL 6685454, at *3 (N.D. Ill. Nov. 25, 2014); *Frerck v. John Wiley & Sons, Inc.*, No. 11-cv-2727, 2014 WL 3512991, at *6 n.5 (N.D. Ill. July 14, 2014).

three-year look-back period from the date of filing suit is coextensive with the three-year period following the act of infringement. When accrual is triggered by the act of infringement, we can accurately describe the statute of limitations as running forward from the act of infringement or looking backward from the date the complaint is filed— either way it is the same exact period of time.

MGM argues that *Petrella*'s "look-back" language created a three-year damages bar that is determined solely by the date the complaint is filed even in cases where the discovery rule applies. But the text of the statute provides no support for this argument. In *Petrella*, the Court explained that, in the Copyright Act, Congress provided for just "two controlling time prescriptions: the copyright term . . . and § 507(b)'s limitations period." *Petrella*, 572 U.S. at 672. Section 507(b)'s limitation period is not based on the date the complaint is filed, but instead limits civil actions to "three years after the claim accrued." In other words, the claim under the Copyright Act does not arise—is not even actionable—until accrual.[5] Nowhere in § 507(b), or anywhere else in the Copyright Act, is there any reference to a separate three-year damages bar based on the complaint's filing date. The Court did not disregard the plain text of the Copyright Act and invent a third time prescription for damages in a case where the issue was not before it. Plainly the Court's look-back language was simply a shorthand for the statute of limitations laid out in § 507(b) in incident of

---

[5] *See Black's Law Dictionary* (11th ed. 2019) (defining "accrue" as "[t]o come into existence as an enforceable claim or right; to arise," and providing the following example: "the plaintiff's cause of action for silicosis did not accrue until the plaintiff knew or had reason to know of the disease").

injury cases—where infringement and accrual occur simultaneously.

Nor does § 504, the provision of the Copyright Act governing damages, support the imposition of a damages bar. Rather, § 504 allows recovery for "actual damages . . . as a result of the infringement," "any profits . . . attributable to the infringement," 17 U.S.C. § 504(b), or "statutory damages for *all* infringements involved in the action," *id.* § 504(c)(1) (emphasis added). Had Congress intended to limit recoverable damages or profits to those arising only from acts of infringement during the three-year period before suit was commenced, it would have said so, and said so in § 504, which sets forth detailed instructions as to the proper calculation of actual and statutory damages and profits.

Finally, unlike laches which serves to discourage a plaintiff from knowingly "sleeping upon his rights," where the discovery rule applies, the plaintiff reasonably does not know that he is in such a slumber. Adopting a damages bar would mean that "a copyright plaintiff who, through no fault of its own, discovers an act of infringement more than three years after the infringement occurred would be out of luck. Such a harsh rule would distort the tenor of the statute." *Polar Bear*, 384 F.3d at 706. "Section 507(b), like all statutes of limitations, is primarily intended to promote the timely prosecution of grievances and discourage needless delay." *Id*. It makes little sense to bar recovery of damages beyond the three-years before the suit was filed where the copyright holder did not delay, but acted in accordance with § 507(b) by filing his complaint within three years of discovery. This is particularly true in a case such as this where the alleged infringer knows of and controls the infringing acts and the copyright holder has little means of discovering those acts. This would incentivize violation of

the copyright holder's exclusive rights, not protect those rights, which is the purpose of the Copyright Act itself.**[6]** As amici argue, with the constant evolution of technology, copyright infringement is now "easier to commit, harder to detect, and tougher to litigate." Br. of Amici Curiae The Authors Guild, Inc. and Other Artists' Rights Organizations in Sup. Of Pl.-Appellee & Affirmance at 3; *see also William A. Graham Co. v. Haughey*, 568 F.3d 425, 437 (3d Cir. 2009) ("Technological advances such as personal computing and the internet have [made] it more difficult for rights holders to stridently police and protect their copyrights." (internal quotation marks and citation omitted)).

The district court correctly concluded that "the best read of *Petrella* is that it did not change *any* law in the Ninth Circuit pertaining to the discovery rule and the three year damages bar." This is because the discovery rule is an exception to the general incident of injury rule. When copyright infringement occurs prior to discovery, a simple application of the general rule to the three-year statute of limitations in § 507(b), undertaken by the Court in *Petrella*, is impossible. Instead, the three-year limitations period begins only when the copyright holder knows or should know of the infringing act. Neither the text of the Copyright Act nor *Petrella* imposes a three-year damages bar in a discovery rule case.

---

**[6]** *See* 1 Nimmer, *supra*, § 1.02 (explaining that the Copyright Act, like all copyright laws, serves to promote the progress of science and other useful arts by providing protection for a limited time of certain exclusive rights in their works).

### D.

The district court correctly applied the discovery rule to conclude that Starz timely filed its claims of copyright infringement. Taking all the facts in the complaint as true, there were no events that occurred that should have placed Starz on notice that MGM was violating its exclusive rights until Starz's employee discovered the movie *Bill & Ted's Excellent Adventure* on Amazon Prime Video in August 2019. And as the district court aptly put it, "When Starz did detect smoke, in the form of *Bill & Ted's Excellent Adventure*, it quickly discovered the fire and promptly sued for all 340 infringements." Because Starz brought its claim within three years after its claim accrued, Starz is not barred from seeking damages for all acts of infringement.

### IV.

We therefore affirm the district court's denial of MGM's motion to dismiss under Rule 12(b)(6).

**AFFIRMED.**