United States Court of Appeals

For the Eighth Circuit

_____

No. 20-3687
_____

United States of America,

*Plaintiff - Appellee*,

v.

Angela Dee Garges,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: August 13, 2021
Filed: August 15, 2022
_____

Before COLLOTON, WOLLMAN, and KOBES, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Angela Garges entered a conditional guilty plea to a charge of conspiracy to distribute methamphetamine. *See* 21 U.S.C. § 846. She reserved her right to appeal an order of the district court[1] denying her motion to suppress evidence that police

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

seized after conducting a protective sweep of a hotel room in which she was staying. *See* Fed. R. Crim. P. 11(a)(2). We conclude that officers permissibly entered and searched the hotel room, and therefore affirm the order denying the motion to suppress.

The disputed search occurred at a Best Western Hotel in Council Bluffs on January 29, 2020. Police officers, responding to a tip, arrived at the hotel to arrest one Jason Byers, who was wanted on a felony arrest warrant for the offense of false imprisonment. Officers learned that Byers was staying with Garges in Room 246, and they proceeded to that room.

When a police officer knocked on the door, Garges answered. Police asked whether Byers was present. When Garges answered affirmatively, police told her to exit the room and escorted her down the hall and around a corner. Officers then commanded Byers to come out of the room. One officer testified that police handcuffed Byers "in the doorway." Another stated that officers "did not enter the room to place Mr. Byers in handcuffs," but did not elaborate on where Byers was physically seized. The district court found only that Byers came out of the room without incident.

After Byers was secured, police asked Garges whether there were other people in the hotel room. She replied that there was a baby inside the room. Officers decided to enter the room to conduct a "protective sweep." Two officers briefly entered the room, saw the ten-month-old baby, but found no other occupants. They also observed drug paraphernalia in the room. Garges said that the baby did not belong to her or Byers, that she knew only the baby's first name, and that she did not have a telephone number for the baby's mother. Officers arrested Garges for drug possession and child endangerment, and took the baby into custody for safekeeping and return to the appropriate guardian.

Officers questioned Garges further, and she admitted that methamphetamine was located in a black bag in the hotel room. Police obtained a search warrant for the room and for Garges's cellular telephone. Officers seized incriminating evidence from the hotel room and the phone.

A grand jury charged Garges with drug trafficking offenses, and she moved to suppress evidence seized from the hotel room and cellular phone. Garges argued that there was no legal justification for the protective sweep of the hotel room, and that all evidence seized thereafter should be suppressed as a product of the unlawful search.

The district court denied the motion. The court ruled that the officers had a "reasonable belief based on specific and articulable facts that the area to be swept harbor[ed] an individual posing a danger to those on the arrest scene." The court cited the facts that Byers and Garges were present in the hotel room before the arrest, that part of the room was out of the view of officers even with the door ajar, that Byers lingered in the room out of sight after Garges was removed, and that Byers had a history of assaultive behavior. The court thus concluded that the officers were permitted to conduct a cursory inspection of the room, to seize drug paraphernalia that was in plain view during the sweep, and to obtain a search warrant based on that information. Garges then entered her conditional guilty plea, and the court sentenced her to 120 months' imprisonment.

On appeal, Garges argues that the district court erred in denying the motion to suppress because the police lacked specific and articulable facts suggesting that a person posing a danger to the officers was located inside the hotel room. She maintains that the officers violated her rights under the Fourth Amendment by entering the hotel room without a warrant, and that all evidence seized as a result of the entry should be suppressed.

The appeal requires an application of the Fourth Amendment's prohibition on unreasonable searches and the decision in *Maryland v. Buie*, 494 U.S. 325 (1990), concerning the reasonableness of a "protective sweep" within a home. Police officers armed with an arrest warrant may enter a home where the named suspect is located and search anywhere in the home that the suspect might be found. Once police officers have found the suspect, the warrant no longer provides authority to enter rooms that have not yet been searched, but *Buie* held that it is still reasonable for officers to conduct a cursory inspection of certain spaces within the home to ensure their safety. First, officers may "as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Id.* at 334. Second, officers may "sweep" other areas in the home if there are "articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.* at 334-35. The district court relied on the second source of authority; the government argues on appeal that a sweep of the hotel room was justified on either rationale. The government also asserts authority of officers to act as community caretakers after learning about the baby in the room.

We conclude that a protective sweep of the hotel room was justified here as an inspection of "spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Id.* at 334. Although the record does not include a finding on precisely where officers physically seized Byers, it is undisputed that officers were positioned in the doorway to effect the arrest, and that police crossed the threshold into the room under the authority of the warrant. The hotel room door opened inward, R. Doc. 57-2, 57-3, and defense counsel elicited testimony that one of the officers held the door open (thus crossing the threshold) from the time that Garges first opened the door through the apprehension of Byers. R. Doc. 119, at 13.

-4-

We may consider these undisputed facts in resolving the contested legal issue. *See United States v. McCoy*, 200 F.3d 582, 583-84 (8th Cir. 2000).

In determining whether the protective sweep was reasonable in this scenario, we do not think it necessary to determine exactly where officers laid hands on Byers or placed him in handcuffs. *Buie* says that officers may sweep spaces "immediately adjoining the place of arrest," but we do not read judicial opinions like statutes, and the animating principle of *Buie* is that arresting officers may take reasonable steps to protect themselves from an unexpected attack. The reasonableness inquiry under the Fourth Amendment properly takes into account the location of both the suspect and the officers at the time of an arrest that occurs near a boundary.

The officers here were positioned in the doorway, and they summoned Byers to exit. Regardless of where in the immediate vicinity of the doorway the officers physically seized Byers, at least one officer permissibly entered the room under authority of the warrant, and was properly positioned at least partially inside the room while holding the door open to assist with the arrest. That officer was vulnerable to attack from spaces immediately adjoining the entryway, and it was therefore permissible for the police to conduct a cursory inspection of adjoining spaces without probable cause or reasonable suspicion. Because police had crossed the threshold of the room under the authority of a warrant before conducting the sweep, there was no unlawful entry. *Cf. United States v. Calhoun*, 49 F.3d 231, 234 & n.3 (6th Cir. 1995).

In the context of a hotel room like this one, the entire room is an adjoining space that may be subject to a cursory inspection under *Buie*. The bathroom, with door open, was immediately to the left as officers moved forward in the room. The remaining space consisted of a single bedroom that was connected directly to the entry area. Each of these spaces was a place from which an attack on arresting officers could be immediately launched, and it was reasonable for officers to inspect those areas briefly to ensure that no person posing a threat was located there. That

the officers observed evidence of unlawful drug activity in plain view while conducting the protective sweep did not violate Garges's rights under the Fourth Amendment.

For these reasons, the order of the district court denying Garges's motion to suppress is affirmed.

_____