[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13232

_____

SHERMAN NEALY,
an individual,
MUSIC SPECIALIST, INC.,
a Florida Corporation,

                                        Plaintiffs-Appellants,

*versus*

WARNER CHAPPELL MUSIC, INC.,
a Delaware Corporation,
ARTIST PUBLISHING GROUP, L.L.C.,
a Delaware Limited Liability, Corporation,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-25474-RAR

_____

Before WILSON, JORDAN, and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

This appeal requires us to answer a question of first impression about the Copyright Act's statute of limitations that has divided our sister circuits. The Copyright Act has a three-year statute of limitations. 17 U.S.C. § 507(b). Under our circuit's discovery accrual rule, claims about the ownership of a copyright are timely if a plaintiff files suit within three years of when the plaintiff knew or reasonably should have known that the defendant violated the plaintiff's ownership rights. Invoking that discovery rule, the plaintiffs in this case—Sherman Nealy and Music Specialist, Inc.—filed this copyright action seeking, among other things, damages for infringement they allege occurred more than three years before they filed this lawsuit.

Despite our discovery rule, the defendants—Warner Chappell Music, Inc. and Artist Publishing Group, LLC—contend that the plaintiffs cannot recover damages for anything that happened more than three years before they filed suit. *See Sohm v. Scholastic, Inc.*, 959 F.3d 39, 49-50 (2d Cir. 2020) (accepting this argument).

That is, they do not dispute that a plaintiff can file suit over harm that occurred more than three years earlier; they just say that the plaintiff cannot recover any damages. This is so, they say, because the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer*, 572 U.S. 663 (2014), bars retrospective relief for any infringement occurring earlier than three years from the date of a copyright lawsuit. In response, the plaintiffs contend that the defendants' argument is contrary to the text of the Copyright Act and takes out of context *Petrella*'s statements about claims that were timely because of a different accrual rule. *See Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1242-44 (9th Cir. 2022) (accepting this argument).

The district court certified the following question for interlocutory appellate review: whether damages in this copyright action are limited to a three-year lookback period as calculated from the date of the filing of the complaint. After briefing and with the benefit of oral argument, we agree with the plaintiffs. We hold that, when a copyright plaintiff has a timely claim under the discovery accrual rule for infringement that occurred more than three years before the lawsuit was filed, the plaintiff may recover damages for that infringement.

## I.

This interlocutory appeal arises from Music Specialist, Inc. and Sherman Nealy's copyright infringement suit against Warner Chappell Music, Inc.; Artist Publishing Group, LLC.; and Atlantic

Recording Corporation. Because we must decide a pure question of law in this interlocutory appeal, we provide the following background only as context for our decision. To be clear, "our description of the facts is not binding on the district court as the actual facts will be established later at trial." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales*, 14 F.3d 1507, 1511 n.2 (11th Cir. 1994).

At its core, MSI and Nealy's suit alleges that Warner, Artist, and Atlantic are infringing their copyrights to certain musical works because the defendants are using the works based on invalid licenses to the copyrights that they obtained from third parties. The licenses are invalid, MSI and Nealy say, because MSI and Nealy, not the third-party licensors, are the owners of the copyrights.

The story of MSI and Nealy's alleged copyright ownership begins in the 1980s. In 1983, MSI was incorporated under Florida law with Tony Butler listed as president in the articles of incorporation. Later amendments to the articles of incorporation listed Nealy as MSI's president and Butler as its vice president. MSI was Nealy's first venture in the music industry. He provided the funding for MSI's operation, and Butler was a disc jockey who had more knowledge than Nealy about the music industry. Butler authored or co-authored all the musical works at issue in this case.

From 1983 to 1986, MSI recorded and released one album and several singles on vinyl and cassette. Those singles include all the works involved in this case, each of which is registered with the United States Copyright Office. Then, in 1986, MSI dissolved as a corporation and remained an inactive corporation until its

reinstatement in 2017 with Nealy as owner, president, and shareholder. Although it dissolved in 1986, MSI's business did not cease until 1989 when Nealy began serving a prison sentence following a conviction for distributing cocaine. Nealy was released in 2008.

While Nealy was in prison, Butler formed another company named 321 Music, LLC and began licensing the rights to musical works from the MSI catalog. In February 2008, Atlantic obtained a license from Butler and 321 to interpolate "Jam the Box," one of the works at issue in this case, into the artist Flo Rida's hit song "In the Ayer." Then, in July of that same year, Artist and Warner entered into an agreement with Butler and 321 that purportedly made Artist and Warner the exclusive administrators of the music publishing rights to all the musical works at issue in this case. Nealy did not authorize anyone to exploit the rights to the MSI catalog while he was in prison. And Nealy did not continue his involvement in the music industry or with MSI while in prison.

After Nealy left prison, he learned that another third party, Robert Crane, was distributing works from the MSI catalog. MSI and Nealy's legal consultant Jonathan Black met briefly with Crane and his lawyers in June 2008 to discuss Crane's use of the MSI catalog. But nothing came of that meeting. Nealy recalled "letting them know that [he] was home [from prison] and that they had [his] music." But he also "didn't know what to do." And so, he took no further action before returning to prison in 2012 to serve another sentence, which he completed in the fall of 2015.

Before Nealy returned to prison, litigation over the rights to the works ensued between Crane's companies, Atlantic, Artist, Warner, Butler, and 321. But Nealy was not a party to this litigation and contends he did not learn of it until after serving his second prison sentence. Once he returned to prison, Nealy again did not have any involvement in the music industry.

Nealy alleges that he did not know and should not have reasonably known about the defendants' violations of his ownership rights until sometime around the beginning of 2016. After Nealy finished serving his second sentence, a former MSI associate told Nealy about the litigation and Butler's purported transfers of the rights to the musical works in January 2016. And then nearly three years later, on December 28, 2018, MSI and Nealy finally filed this lawsuit.

MSI and Nealy alleged that Atlantic, Artist, and Warner infringed their copyrights to several music works in violation of 17 U.S.C. § 501. MSI and Nealy sought relief for infringement they alleged occurred as early as 2008—ten years before they filed this lawsuit. The parties entered a joint-pretrial stipulation in which they agreed "that this case presents an 'ownership dispute' within the meaning of the statute of limitations for copyright claims." After discovery, the defendants moved for summary judgment on all claims, which the district court granted in part and denied in part.

One issue the district court addressed at summary judgment was the timeliness of MSI and Nealy's claims. A three-year statute of limitations governs claims under the Copyright Act, which runs

from the time the claim accrues. 17 U.S.C. § 507(b). Because the parties agreed that the only disputed substantive issue relating to MSI and Nealy's claims was whether MSI and Nealy owned the copyrights, the district court ruled that their claims accrued "when [MSI and Nealy] knew or should have known that [the defendants] were challenging their ownership to the [works]." Determining that a genuine dispute of material fact existed about when accrual occurred, the district court denied summary judgment for the defendants on statute of limitations grounds.

In a separate order, the district court certified for interlocutory appeal under 28 U.S.C. § 1292(b) the question whether "damages in this copyright action are limited to the three-year lookback period as calculated from the date of the filing of the Complaint pursuant to the Copyright Act and *Petrella*." MSI and Nealy timely filed a petition to appeal from the certified order, which we granted, resulting in this interlocutory appeal.

Nealy and MSI also attempted to appeal from the district court's partial final judgment in favor of Atlantic, but we dismissed that appeal for lack of jurisdiction. We also exercised our discretion under Section 1292(b) to limit the issues in this appeal to the district court's certified question. It is to that question that we now turn.

## II.

We review legal questions, including the interpretation of federal statutes such as the Copyright Act and its statute of

limitations, *de novo. See Stansell v. Revolutionary Armed Forces of Colom.*, 704 F.3d 910, 914 (11th Cir. 2013).

### III.

The Copyright Act's statute of limitations provides that "[n]o civil action shall be maintained . . . unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Under our precedent, where the "gravamen" of a copyright claim is ownership, the discovery rule dictates when a copyright plaintiff's claim accrues. *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020). Under the discovery rule, a copyright ownership claim accrues, and therefore the limitations period starts, "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights." *Id.*

The question in this appeal is whether the Copyright Act's statute of limitations, 17 U.S.C. § 507(b), precludes a copyright plaintiff from recovering damages for harms occurring more than three years before the plaintiff filed suit, even if the plaintiff's suit is timely under our discovery rule. Our discussion proceeds in two parts. First, we briefly confirm that the discovery rule governs the timeliness of MSI and Nealy's claims. Second, assuming MSI and Nealy's claims are timely, we evaluate the Copyright Act and the Supreme Court's decision in *Petrella* to determine whether the plaintiffs may recover damages for infringement that occurred more than three years before they filed this lawsuit.

## A.

We start with the timeliness of the plaintiffs' claims. The copyright statute of limitations runs from the day that a claim "accrues." And there are two recognized rules for determining that date: the discovery rule and the injury rule. Under the discovery rule, a claim "accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his" rights. *Webster*, 955 F.3d at 1276. These kinds of claims can only accrue one time. *Id.* Conversely, under the injury rule, a copyright plaintiff's claim accrues when the harm, that is, the infringement, occurs, no matter when the plaintiff learns of it. *Petrella*, 572 U.S. at 670. But, attendant to the injury rule is the separate-accrual rule, which means that a new copyright claim accrues with each discrete infringement. *Id.* at 671-72.

Under our precedent, where the "gravamen" of a copyright claim is ownership, a plaintiff's claim accrues when he knew or should have known about the infringement. *Webster*, 955 F.3d at 1276. The gravamen of a copyright claim is ownership if ownership of the copyright is the only disputed issue. *Id.* For example, in *Webster*, the defendant conceded that it used a copyright without the plaintiff's permission. *Id.* But the defendant argued that it had a license from a third party who owned the copyright instead of the plaintiff. *Id.* Accordingly, the plaintiff's claim was an ownership claim because the only disputed issue was whether the plaintiff or the third party owned the copyright. *Id.* And so, the discovery rule governed the timeliness of the plaintiff's claim. *Id.*

We have little difficulty concluding that the discovery rule governs the timeliness of MSI and Nealy's claims in this case. The parties entered a joint-pretrial stipulation in which they agreed "that this case presents an 'ownership dispute' within the meaning of the statute of limitations for copyright claims." And the dispute in this case is materially indistinguishable from *Webster* for this purpose. The defendants concede that if MSI and Nealy prove that they own the copyrights to the works, the only remaining issue in the case would be damages because the defendants' use of the works would have infringed MSI and Nealy's copyrights. The defendants also contend, like the *Webster* defendant, that they are not liable because a third party owns the copyrights and licensed them to the defendants. Accordingly, *Webster* controls, and the discovery rule governs the timeliness of MSI and Nealy's claims.

The district court applied the discovery rule and concluded that there was a genuine issue of fact about when the plaintiffs knew or should have known about their claims. We will assume for the purposes of answering the district court's certified question that the district court's summary judgment ruling on this point was correct. And so, assuming the plaintiffs' claims are timely under the discovery rule, we turn to the question whether the plaintiffs may recover retrospective relief for infringement that occurred more than three years before they filed this lawsuit.

B.

The defendants rely on the Supreme Court's decision in *Petrella* to support their contention that MSI and Nealy may not recover for infringement that occurred more than three years before they filed this suit. In *Petrella*, the Supreme Court held that the equitable doctrine of laches does not bar copyright claims that are timely within the three-year limitations period because Section 507(b) "itself takes account of delay." *Petrella*, 572 U.S. at 670-72, 677. The Court identified several reasons that it was unnecessary to apply the doctrine of laches to copyright claims. One of those reasons, the Court said, was that "Section 507(b) . . . bars relief of any kind for conduct occurring prior to the three-year limitations period." *Id.* at 667. The Court explained that, by dint of the statute of limitations, retrospective relief is available to a copyright plaintiff "running only three years back from the date the complaint was filed." *Id.* at 672.

The circuits are split on the meaning of *Petrella*. The Second Circuit has held that, even under the discovery rule, a copyright plaintiff may not recover for infringement occurring more than three years before the plaintiff filed suit. *Sohm*, 959 F.3d at 49-50. The Second Circuit recognized that its ruling undermines the discovery rule: a copyright plaintiff could have a timely claim under the discovery rule but no available relief. But it felt itself bound by the Court's statements in *Petrella*. More recently, the Ninth Circuit split with the Second Circuit and held that *Petrella* does not mean that a plaintiff cannot recover for infringement that occurred more

than three years before the filing of an otherwise timely suit under the discovery rule. *Starz Ent.*, 39 F.4th at 1242-44. The court reasoned that an absolute three-year bar on damages "would eviscerate the discovery rule." *Id.* at 1244. And the court explained that reading *Petrella* to impose such a rule would mean that the *Petrella* Court ignored the plain text of Section 507(b), which "limits civil actions to 'three years after the claim accrued'" and says nothing about remedies. *Id.* at 1245 (quoting 17 U.S.C. § 507(b)).

We agree with the Ninth Circuit and hold that a copyright plaintiff may recover retrospective relief for infringement occurring more than three years before the lawsuit's filing so long as the plaintiff's claim is timely under the discovery rule. This is so for two reasons, which we discuss in turn. First, we believe *Petrella*'s statements about the availability of relief are directed to the way the statute of limitations works when claims accrue under the injury rule, not the discovery rule. Second, the text of the Copyright Act does not place a time limit on remedies for an otherwise timely claim.

1.

The defendants' argument begins and ends with *Petrella*. Specifically, the defendants invoke the following quotes. The Supreme Court said that "Section 507(b) . . . bars relief of any kind for conduct occurring prior to the three-year limitations period." 572 U.S. at 667. And the Court said that the import of the statute of limitations is that a copyright plaintiff can get damages "running

only three years back from the date the complaint was filed." *Id.* at 672. Because the statute of limitations already protects defendants from stale claims, the Court held that it was unnecessary to apply the equitable doctrine of laches.

We do not read these snippets from *Petrella* to create a three-year lookback period or a damages cap. We cannot read a court's opinion like we would read words in a statute. *CBS, Inc. v. FCC*, 453 U.S. 367, 385 (1981) (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 341 (1979)); *United States v. Garges*, 46 F.4th 682, 685 (8th Cir. 2022); *Romo v. Largen*, 723 F.3d 670, 678 (6th Cir. 2013) (Sutton, J., concurring). Instead, when interpreting and applying words in a judicial opinion, we must consider the context, such as the question the court was answering, the parties' arguments, and facts of the case. *See Reiter*, 442 U.S. at 341 (examining the language of a judicial opinion "in context"). Reading these statements in context, we are confident that the Court did not cap copyright damages for claims that are timely under the discovery rule.

For starters, *Petrella* did not present the question whether a plaintiff could recover for harm that occurred more than three years before the plaintiff filed suit if his claim was otherwise timely under the discovery rule. The question in *Petrella* was "whether the equitable defense of laches (unreasonable, prejudicial delay in commencing suit) may bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period." *Petrella*, 572 U.S. at 667. The plaintiff in *Petrella* "sought no relief for conduct occurring outside § 507(b)'s three-year limitations period."

572 U.S. at 668. But the defendant nevertheless argued that laches barred the plaintiff's claim because it was unreasonable and prejudicial to the defendant to allow the plaintiff to sue eighteen years after the defendant allegedly began infringing the plaintiff's copyright. *Id.* at 674-75. The Court rejected the defendant's argument and held that laches could not bar a copyright claim that was otherwise timely under the statute of limitations. *Id.* at 667.

In passing on the question presented, the Court reasoned that the defense of laches was unnecessary because the statute of limitations already protects putative defendants from stale claims. But the Court made its statements in the context of a claim that was timely *because of the injury rule*. And, as we have already explained, the plaintiffs' claims in this case are timely because of the discovery rule, not the injury rule. This distinction is important for two reasons.

First, the Court's statements in *Petrella* merely describe the operation of the injury rule on the facts of that case and others like it. The Court in *Petrella* explained that, under the injury rule, separate claims accrue with each new injury. *Id.* at 670-72. The injury rule and separate-accrual rule mean, as the Court said, that a separate copyright claim accrues "[e]ach time an infringing work is reproduced or distributed." *Id.* at 671. Because the claim accrues "at the time the wrong occurs," the statute of limitations protects putative defendants from stale claims by giving a copyright owner only three years from that date to sue for the infringement. *Id.*; *see* 17 U.S.C. § 507(b). But after those three years pass, the owner no

longer has a timely claim to sue for that act of infringement under the injury rule. That's the way the injury accrual rule works—it precludes a plaintiff's recovery for any harms that occur earlier than three years before the plaintiff files suit.

The discovery rule affords defendants a different kind of protection from stale claims. Under the discovery rule, it is possible to have a timely claim for an infringement that occurred more than three years before the lawsuit was filed. On the other hand, it also means that a claim accrues only one time: "when a copyright ownership claim is time-barred, 'all those claims logically following therefrom should be barred, including infringement claims.'" *Webster*, 955 F.3d at 1277 (quoting *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring)). Had the discovery rule applied in *Petrella*, the plaintiff's claims—based on infringing conduct that began almost two decades earlier—may well have been untimely.

In any event, the Court's explanation of how the injury rule protects defendants from stale claims says nothing about damages when a claim is timely under the discovery rule. If the Court in *Petrella* had been addressing a claim that was timely under the discovery rule, it would have said different things about how that claim accrued and the way the statute of limitations affected the availability of damages. For example, it would have explained that the statute of limitations protects defendants from stale claims because all claims for damages are cut off three years from when the putative plaintiff discovers his claim. But the Court's bottom line

about laches would have been the same: "in face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief." *Petrella*, 572 U.S. at 679.

Second, the Court in *Petrella* expressly addressed the discovery rule and preserved the question whether the discovery rule governs the accrual of copyright claims. The Court recognized that nine of our sister circuits apply the discovery rule to the kind of ordinary infringement claims that were at issue in *Petrella. See id.* at 670 n.4. The Court noted that it "[has] not passed on the question" of the discovery rule's propriety and reserved that question for a future case. *Id.*

It would be inconsistent with *Petrella*'s preservation of the discovery rule to read *Petrella* to bar damages for claims that are timely under the discovery rule. *See Petrella*, 572 U.S. at 670 n.4. As the Ninth Circuit explained, "[t]here is no reason for a discovery rule if damages for infringing acts of which the copyright owner reasonably becomes aware years later are unavailable." *Starz Ent.*, 39 F.4th at 1244. Unless a plaintiff may recover damages for the infringement, the discovery and injury rules lead to the same result—retrospective relief only for harms occurring in the three years preceding the filing of the lawsuit. Because the Supreme Court expressly reserved the question of the discovery rule's propriety, we cannot say it silently eliminated the discovery rule by capping damages for claims that are timely under that rule.

In response to this concern, the defendants argue that their reading of *Petrella* would allow a copyright plaintiff with a timely

claim under the discovery rule to sue for injunctive relief, even if retrospective relief is unavailable. *See* 17 U.S.C. § 502. But the defendants have no explanation for why the statute of limitations would bar damages, but not other kinds of relief. Moreover, if a plaintiff did not suffer damages in the three years preceding the lawsuit, there is likely no basis for a plaintiff to obtain injunctive relief. The harm is not ongoing and is unlikely to resume if it ceased long ago. And, although a copyright plaintiff may elect to recover statutory damages instead of actual damages and profits, *id.* § 504(c), those statutory damages would also be unavailable under the defendants' reading of *Petrella* because they remedy harm resulting from past violations of the Copyright Act and are therefore retrospective relief. *See Edelman v. Jordan*, 415 U.S. 651, 668 (1974) (explaining retrospective relief includes monetary compensation for "a past breach of a legal duty"). There is no escaping the conclusion that the defendants' position would gut the discovery rule by eliminating any meaningful relief for timely claims, even though the Court expressly left open whether a discovery rule applies to copyright claims.

In short, the defendants' reading of *Petrella* ignores the question presented, conflates the Court's discussion of claim accrual under the injury rule with the availability of damages under the discovery rule, and cannot be squared with the Court's express preservation of the discovery rule. For these reasons, we believe the Supreme Court in *Petrella* did not bar copyright damages in actions that are timely under the discovery rule.

2.

Having established that *Petrella* itself does not impose a separate bar on retrospective relief for an otherwise timely copyright claim, we turn to the Copyright Act's text to see if it supports such a bar. We conclude it does not.

The plain text of the Copyright Act's statute of limitations does not limit the remedies available on an otherwise timely claim. The statute of limitations provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A civil action is a proceeding "brought to enforce, redress, or protect a private right or civil right." *Action*, *Black's Law Dictionary* (11th ed. 2019). A remedy, on the other hand, is "[t]he means of enforcing a right or preventing or redressing a wrong." *Remedy*, *Black's Law Dictionary* (11th ed. 2019). A plaintiff cannot obtain a remedy without a timely civil action. But, if a plaintiff succeeds at maintaining a timely civil action, the inapplicable time-bar has little bearing on what a plaintiff may obtain as a remedy.

The Copyright Act's damages provisions do not place a three-year limitation on the recovery of damages for past infringement. For a separate damages bar to exist, these damages provisions would have to limit a plaintiff's recovery to something less than the harm caused by the infringement for which a defendant is liable. But they do not. Instead, the Copyright Act makes "an infringer of a copyright" liable for "the copyright owner's actual

21-13232                Opinion of the Court                19

damages and any additional profits of the infringer." 17 U.S.C. § 504(a)(1). "Actual damages" are defined as "the actual damages suffered by [the plaintiff] as a result of the infringement." *Id.* § 504(b). There is no bar to damages in a timely action.

Given that the plain text of the Copyright Act does not support the existence of a separate damages bar for an otherwise timely copyright claim, we hold that a copyright plaintiff with a timely claim under the discovery rule may recover retrospective relief for infringement that occurred more than three years prior to the filing of the lawsuit.

## IV.

The district court certified the question of whether "damages in this copyright action are limited to the three-year lookback period as calculated from the date of the filing of the Complaint pursuant to the Copyright Act and *Petrella*." We answer that question in the negative and conclude that where a copyright plaintiff has a timely claim for infringement occurring more than three years before the filing of the lawsuit, the plaintiff may obtain retrospective relief for that infringement.

Accordingly, the certified question is **ANSWERED.**