**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAUREN STROBLE, | No. 23-35287 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05627-DGE |
| v. | |
| WALMART, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted March 26, 2024
Seattle, Washington

Before: WARDLAW and MILLER, Circuit Judges, and CORLEY, District
Judge.[**]

Lauren Stroble appeals the district court's dismissal of her negligence

complaint against Walmart, Inc. ("Walmart") and denial of her separate motion for

leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jacqueline Scott Corley, United States District Judge
for the Northern District of California, sitting by designation.

part and reverse in part.

1. The district court did not err by granting Walmart's motion to dismiss Stroble's complaint. We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6).[1] *Starz Ent., LLC v. MGM Dom. Television Distrib., LLC*, 39 F.4th 1236, 1239 (9th Cir. 2022). Stroble's original complaint alleges that "Defendant installed laminate/vinyl type flooring near the dressing room area" and Stroble "sustained personal injuries" due to the "negligence and carelessness of" Walmart, but little else. The complaint fails to allege facts that support an inference that Walmart engaged in any negligent act or how that negligent act caused Stroble's injuries. So, the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and therefore was properly dismissed. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (quoting *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)).

---

[1] When Walmart filed its motion to dismiss, Walmart had already answered Stroble's complaint, so Walmart should have filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). As the standard of review for the two motions is the same, however, this makes no difference to the appeal's outcome. *See Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").

2. Under Federal Rule of Civil Procedure 15(a)(2), district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[l]eave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation marks omitted). We review the denial of leave to amend for abuse of discretion, but, when that denial is premised on the determination that amendment would be futile, we review the futility of amendment de novo. *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021).

The district court properly determined that Stroble's proposed amended complaint failed to cure the problems in the original complaint. The proposed amended complaint alleges the "use of laminate and/or vinyl flooring in a dressing room presents an unreasonable risk of injury" because of the risk the clothing a person tries on will "be caught between the person's foot and the laminate/vinyl flooring," making it "reasonably likely and reasonably foreseeable that the person's foot will slip when stepping on the floor." The proposed amended complaint further alleges that the dressing room had "no other precautions," such as railings. Finally, the proposed amended complaint details the facts of Stroble's

3

fall and connects that fall to Walmart's alleged negligence. Even accepting all those factual allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the proposed amended complaint fails to articulate "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), because it does not allege there was anything specific about the use of laminate and/or vinyl flooring that made it unreasonably dangerous. Without such factual allegations, Stroble's assertion that the flooring was unreasonably dangerous is a legal conclusion that is not entitled to the presumption of truth. *Ashcroft*, 556 U.S. at 678.

3. However, the district court erred by dismissing the complaint without leave to amend because the complaint could be "saved" by amendments other than those proposed by Stroble. *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022). "Generally, . . . plaintiffs should be granted leave to amend their complaints unless 'it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Id.* (quoting *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013)). The district court did not conclude that it would be impossible for Stroble to allege in an amended complaint that the dressing room floor was unreasonably dangerous—for example, because it was particularly slippery. It was therefore improper to issue judgment and deny

4

Stroble the opportunity to amend her complaint, especially because the district court had not previously dismissed the complaint.

**AFFIRMED in part, REVERSED in part, and REMANDED.**[2]

---

[2] The parties shall bear their own costs on appeal.