NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF KENNETH DALE
SUMNER; KERRI SUMNER, guardian ad
litem individually and as successors-in-
interest to Kenneth Dale Sumner; D. S. A., a
minor, by and through her gaurdian ad
litem, Kerri Sumner,

             Plaintiffs - Appellants,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION; DAVID
AGUILAR; HUNTER
DUNCAN; LEONARDO
HERNANDEZ; ANTHONY
LUNA; ISAAC SALCEDO; ANTHONY
VELASQUEZ,

             Defendants - Appellees.

No. 23-3090

D.C. No.
2:22-cv-01638-JAM-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 24, 2024
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: S.R. THOMAS, WARDLAW, and COLLINS, Circuit Judges.

The Estate, mother, and minor daughter of Kenneth Dale Sumner (collectively, "Plaintiffs") appeal the district court's dismissal of its second amended complaint ("SAC") against Officers Hunter Duncan, David Aguilar, Leonardo Hernandez, Anthony Luna, Anthony Velazquez, and Sergeant Isaac Salcedo (collectively, "Defendant officers") and denial of their motion for leave to amend.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1.      We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6).  *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1239 (9th Cir. 2022).  As to Plaintiffs' excessive force claim, the SAC alleges that the Defendant officers "knowingly and intentionally employed force that was harmful, unwanted, and excessive, and was employed with the intent of causing pain to Plaintiff for a purpose unrelated to any legitimate objective."  The SAC alleges that officers caused the stellate lacerations on Sumner's forehead that were "consistent with a boot[]stomp."  The SAC alleges that the Defendant officers were responsible for these stellate lacerations because inmates do not have access to boots and no contraband boots were found in

---

[1] Plaintiffs do not challenge, on appeal, the dismissal of its claims against the California Department of Corrections and Rehabilitation.

Sumner's shared cell following the incident. But the SAC fails to allege how the force was applied, when the alleged boot stomp took place, or whom, out of the six Defendant officers, was responsible for the alleged boot stomp giving rise to the excessive force claim. Nor does it allege "factual content that allows the court to draw the reasonable inference" that a boot stomp, rather than some other blunt trauma, caused the stellate lacerations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the SAC fails to demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As to the Plaintiffs' failure to protect claim, the SAC fails to allege facts that would plausibly show that Defendant officers were deliberately indifferent to a substantial risk of serious harm to Sumner when they placed him in a cell with Okalani Latu, "a notoriously violent and unrepentant inmate."[2] The SAC does not present any allegations as to Defendant officers' knowledge of Latu's violence while incarcerated or allege facts supporting the claim that the officers deliberately disregarded a risk to Sumner's safety. Instead, the SAC conclusorily alleges that it was "known" that Latu was incarcerated for shooting his close friend and that the

---

[2] The SAC also alleges that Defendant officers failed to "conduct routine cell-checks" and that their failure to do so "demonstrated their deliberate and obvious indifference to Mr. Sumner's serious safety needs." But Plaintiffs' broad allegation that Defendant officers failed to conduct "routine cell-checks" is devoid of any factual detail that would permit us to draw an inference of deliberate indifference.

23-3090

Defendant officers "knew about and disregarded the substantial safety risk Mr. Sumner faced while allegedly locked in the same cell as Mr. Latu." Nor do Plaintiffs allege facts supporting that the Defendant officers were aware of any existing animosity between Latu and Sumner, or that they should have known that Latu posed a *specific* threat to Sumner to which they were deliberately indifferent. *Cf. Hearns v. Terhune*, 413 F.3d 1036, 1041–42 (9th Cir. 2005) (finding that there was sufficient evidence supporting that defendant officers acted with deliberate indifference to an inmate's safety where the plaintiff-inmate alleged that there was a history of conflict between a group of inmates; that a subgroup of those inmates had previously attacked him; that the defendant officers *knew* of both the conflict and the prior attack; and that the defendant officers did nothing to prevent a second attack from the same individuals). Thus, on both claims, the SAC does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and therefore was properly dismissed. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

2.     Under Federal Rule of Civil Procedure 15(a)(2), district courts "should freely give leave [to amend] when justice so requires. Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). An amendment is futile when it is clear that the plaintiff cannot plead additional

facts that would be sufficient to satisfy *Iqbal*'s pleading standards. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013). We review the denial of leave to amend for an abuse of discretion, but we review the futility of amendment de novo. *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021).

The district court erred by dismissing the SAC without leave to amend because further amendment could potentially "save" the complaint. *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022). Generally, plaintiffs should be granted leave to amend their complaints "unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013) (quoting *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991)). Here, the district court twice specifically noted that Plaintiffs' opposition to the motion to dismiss contained additional factual contentions that were not in the SAC, but the court failed to consider whether such contentions, if added in an amended complaint, could suffice to state a claim. First, although noting that the opposition asserted that Sumner "died from the injuries sustained by a horrific boot[]stomp *according to medical records*," the court simply noted that the SAC did not contain such allegations and then dismissed the claim without considering whether leave to amend to add such allegations (including attaching the medical records) would

save the claim. Second, Plaintiffs' opposition asserted, in relation to its failure to protect claim, that "it is unreasonable to believe that all the other Defendant officers (who were all in closer proximity to Mr. Sumner than Officer Duncan) failed to hear any noises until Officer Duncan activated the alarm system," and that the responding officers therefore "made a conscious choice to disregard [Sumner's] cries for help until the alarm system was supposedly activated." Again, the district court rejected this argument, solely on the ground that "the SAC does not allege that the responding officers were in close proximity to Sumner's cell." Thus, despite identifying specific proffered allegations that might conceivably save these claims, the district court nonetheless refused to consider them and proceeded to deny leave to amend. By refusing to consider the potential viability of an amended complaint that would draw upon these additional proffered contentions in an effort to cure the deficiencies that the court identified in its order—which was its first substantive ruling on the adequacy of the complaint— the court abused its discretion in denying leave to amend. *See Khachatryan v. Blinken*, 4 F.4th 841, 845 n.1 (9th Cir. 2020) (holding that additional factual contentions made in "materials submitted" in opposition to a motion to dismiss are properly considered as "additional matters that Plaintiffs could plead if they were given leave to amend").

23-3090

**AFFIRMED in part, REVERSED in part, and REMANDED.**[3]

---

[3] The parties shall bear their own costs on appeal.