**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA AYALA, an individual, on behalf of herself and all others similarly situated,

        Plaintiff - Appellant,

  v.

SPOKANE TEACHERS CREDIT UNION,

        Defendant - Appellee.

No. 24-3008

D.C. No.
4:23-cv-05172-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted March 26, 2025
Seattle, Washington

Before: McKEOWN, GOULD, and OWENS, Circuit Judges.

Ana Ayala appeals from the district court's order dismissing her complaint

against Spokane Teachers Credit Union ("STCU") under Federal Rule of Civil

Procedure 12(b)(6). We review orders under Rule12(b)(6) *de novo*. *See Starz*

*Enter., LLC v. MGM Domestic Television Distr., LLC*, 39 F.4th 1236, 1239 (9th

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cir. 2022). For a complaint to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In analyzing whether a complaint has been properly alleged, we "accept all well-pleaded factual allegations contained in the complaint as true, and decide whether the complaint articulates 'enough facts to state a claim to relief that is plausible on its face[.]'" *Starz Enter., LLC*, 39 F.4th at 1239 (quoting *Bell Atl. Corp.*, 550 U.S. at 570) (internal citation omitted).

Ayala alleged in her complaint that STCU violated 42 U.S.C. § 1981's protections against alienage discrimination by refusing to contract with her to finance the purchase of a car. Ayala claimed that STCU did so on the basis of her work-only Social Security Number that is given only to immigrants and that she obtained through the Deferred Action for Childhood Arrivals program. But Ayala conceded before the district court that she never applied to STCU for credit services; rather, she applied to a car dealership for credit. The car dealership gave Ayala financing to buy a car, and then the dealership tried to sell its financing contract to STCU. STCU declined to purchase the contract.

To establish a *prima facie* case of discrimination under § 1981, a plaintiff must demonstrate that: "(1) [she] is a member of a protected class, (2) [she] attempted to contract for certain services, and (3) [she] was denied the right to contract for those services." *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006). The district court held that, because Ayala admits that she never applied for credit through STCU, she did not attempt to contract under element two of a claim under § 1981. The district court dismissed Ayala's complaint.

Ayala now contends, for the first time on appeal, that the district court erred in dismissing her complaint for two primary reasons: (1) because applying directly to STCU for financing would have been an unnecessary "futile gesture" and (2) because the sale of the car dealership's contract to STCU would have constituted the novation of the original contract and the creation of a new contract between Ayala and STCU. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." *El Paso City v. Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). And even if we were to consider Ayala's newly raised contentions, they are not persuasive. Ayala does not cite any facts in the complaint that support either of her theories for liability. Nor are such facts evident from a review of the complaint. We do not consider allegations outside the complaint in evaluating a

motion under Rule 12(b)(6).  *See W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 976 (9th Cir. 2012).  Any facts Ayala adds for the first time in her briefing are not sufficient to support her claim.  The district court did not err in holding that Ayala did not allege sufficient facts in her complaint to support element two of a claim under 42 U.S.C. § 1981.

**AFFIRMED.**

24-3008